*236 So.2d 800*

**STATE of Louisiana**

**v.**

**Willie CASTON, Jr.**

**No. 50232.**

June 8, 1970.

George H. Fust, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

McCALEB, Justice.

Appellant was charged with armed robbery, tried by a twelve man jury, and was found guilty by a vote of 9 to 3. Follow-

ing imposition of a sentence to serve fifteen years in the State Penitentiary, he prosecuted this appeal relying on one of the three bills of exceptions reserved by his counsel at the trial for reversal of his conviction.

In this Court, counsel for appellant has submitted the case on a written memorandum wherein it is contended that Article 782 of the Code of Criminal Procedure, which provides in part, that "Cases in which the punishment is necessarily at hard labor shall be tried by a jury composed of twelve jurors, nine of whom must concur to render a verdict", is violative of the Sixth Amendment to the Federal Constitution, which has been declared obligatory on the States under the due process clause of the Fourteenth Amendment. Duncan v. Louisiana, 391 U.S. 145, 88 S. Ct. 1444, 20 L.Ed.2d 491.

Article 782 C.Cr.P. is substantially a replica of Section 41 of Article VII of the Louisiana Constitution and, hence, it is our duty to uphold the validity of that law unless we find or unless the Supreme Court of the United States decides that the Sixth Amendment to the Federal Constitution, which declares in part that the accused "* * * shall enjoy the right to a speedy and public trial, by an impartial jury * * *", means, as applied to the States, that the jury must be composed of twelve persons and render a unanimous verdict.

Since, as stated in State v. Schoonover, 252 La. 311, 211 So.2d 273, "Louisiana has accorded a jury trial to the accused in the instant case * * *" and since no claim is here made that the jury was not impartial, it would seem that a clause would have to be added to the Sixth Amendment, by way of construction, so that it would then provide for a trial by an impartial jury, which must be composed of twelve persons, and which must return a unanimous verdict in order to either convict or acquit. While such an interpretation appears reasonable in the common law tradition which has been applied by the federal courts in all trials before those tribunals, we feel that, in construing the amendment, consideration should also be given to the fact that, historically by a long list of decisions, it was well settled until recently, that the Sixth Amendment applied only to trials in federal courts and had no reference to criminal proceedings under State law. Maxwell v. Dow, 176 U. S. 581, 20 S.Ct. 448, 44 L.Ed. 597 (1900) and other cases no longer pertinent to the present inquiry. To construe the language of the Sixth Amendment broadly by employing historical common law precepts on the one hand and literally on the other so as to apply it to the States (when no such intent was evinced historically) would, we think, set an unjust and unequal standard of judicial interpretation, unless the State law under attack is so deficient in its operation

that it does not comport with the concept of due process required by the Fourteenth Amendment.

■ We are of the opinion that our State Constitution and the codal article under attack here, specifying in certain cases for trial by a jury of twelve but providing for conviction or acquittal by nine of the jurors, neither violates the Sixth Amendment to the Federal Constitution nor the Fourteenth Amendment as the concurrence of that number of jurors guarantees the accused a fair trial and due process of law. We, therefore, reject the contention and hold Bill of Exceptions No. 3 untenable.

Inasmuch as counsel has not briefed Bills of Exceptions Nos. 1 and 2, we would ordinarily hold that they have been abandoned. However, since counsel's failure to argue these bills might be later assigned as a basis for appellant's release on habeas corpus, we have considered the bills and find them without foundation.

■ Bill No. 1 was reserved to the introduction of a photograph of appellant disclosing that he was six feet tall, whereas the victim of the armed robbery reported that he was about 5 ft. 10 in. We think this matter addressed itself to the accuracy of the victim's testimony, a matter which the jury evidently weighed before reaching its verdict.

Bill No. 2 was taken when the State's attorney was interrogating the victim on re-direct examination in rebuttal. The witness was asked whether the photograph of appellant which he had identified was the only one shown him. Defense counsel objected to this question on the ground that this was improper rebuttal and, when overruled, reserved the bill.

■ The judge correctly held that the question was proper to rebut the theory of the defense that, since the witness was shown only one photograph of appellant, the implication therefrom suggested to the witness that he identify appellant as his assailant.

The conviction and sentence are affirmed.