SUMMERS, Justice.
 

 Herbert J. Dell was indicted by the grand jury of East Baton Rouge Parish for armed robbery. He was tried, convicted and sentenced to fifteen years in the penitentiary without benefit of parole, probation or suspension of sentence. His appeal is based upon three grounds: The trial court refused to suppress evidence seized as a result of an arrest made without probable cause; the verdict of the jury was not unanimous; and the sentence without the benefit of parole, probation or suspension was cruel and unusual punishment.
 

 I.
 

 On December 16, 1969 Clarence Moore was working alone at College Drive Esso Station on an 11:00 p. m. to 6:00 a. m. shift. About 2:30 that morning he was held up by an armed Negro with a paper bag over his head. A hole had been cut in the bag to accommodate a view for the robber’s left eye. Moore was ordered to hand over all the money he had. He gave his assailant two rolls of paper-wrapped nickels, amounting to two dollars each, some bills and loose change, about $65 in all. When asked for
 
 *1029
 
 something to put the money in, Moore gave the defendant a brown manila envelope on which “Humble Oil & Refining Company” was printed, envelopes used by the station attendants to separate money received during their shifts. The robber pointed a revolver at Moore’s head and searched him, taking a .22 caliber revolver concealed on his person. Holding both guns on him, he ordered Moore to unlock the office door. As he entered the office the robber pulled the telephone out of the wall in the office and searched through the desk drawers, finding a .25 caliber automatic belonging to the station manager. The defendant then locked Moore in the office and fled with the money and guns. After waiting a few minutes Moore came out of the office and called the manager, who came to the station and summoned the police.
 

 Officers Harper and Hansen responded to the call. Moore told them what transpired. After reporting the information to headquarters on his car radio, Officer Harper began a search of the premises for clues. During this search he walked to the edge of College Drive, the street on which the station was located. He testified that at that time he observed an automobile turn onto College Drive and proceed in his direction traveling very slowly, about five to ten miles per hour. As the vehicle approached, Officer Harper recognized the occupants to be two Negro men staring intently at the service station. Harper was in such a position that he could not be seen by them. Believing their behavior to be related to the robbery and that it warranted further inquiry, when the car reached the point where he was standing Harper stepped from behind a tree and told them to pull to the curb. They turned as if to ignore him and he called to them a second time, lifting his shotgun, to enforce compliance. The driver then pulled to the side of the street in front of the station.
 

 When the automobile came to a stop, Officer Harper asked the driver, who turned out to be the defendant Dell, to step out and display his identification. As Dell opened the door and stepped from the automobile, Harper could see in the light from the station a .25 caliber automatic on the front floorboard on the driver’s side, and a brown envelope plainly marked “Humble Oil and Refining Co.” on the rear floorboard. Asked to produce identification Dell stated he had none. He was then asked for his driver’s license. When he replied that he had no driver’s license, he was placed under arrest and searched. The search of defendant’s person produced a roll of nickels. Hansen, the other officer, came out of the service station and was instructed to call another police unit.
 

 Meanwhile the other occupant of Dell’s car stepped out to present his identification. In doing so he left the other car door open. As Officer Harper walked to the other side of the vehicle, he could see a blue steel
 
 *1031
 
 revolver on the right floorboard on the rider’s side; he could also see two paper bags, one on the front floorboard and another on the rear floorboard. At this stage of the investigation the police had not opened the doors or entered Dell’s car. The other unit summoned by Hansen arrived and parked nearby. Dell, who had been handcuffed, was placed in the back seat of that car. The envelope, paper bags and guns which had been observed in the autmobile were then removed from Dell’s automobile by the police. The .32 caliber revolver used in the robbery belonging to Dell was also found in his car.
 

 Prior to trial defense counsel filed a motion to suppress the .32 caliber revolver, the .25 caliber automatic handgun, two paper sacks, one roll of nickels and one large brown manila envelope, all of which had been found in Dell’s automobile. The motion was heard during the trial outside the presence of the jury and denied. A bill of exceptions was reserved to this ruling and is the basis for review of this issue, the seized evidence having been introduced at the trial on behalf of the State.
 

 II.
 

 The defense contention is that the evidence was seized as a result of a warrantless arrest and without probable cause. Unquestionably if the arrest is found to have been made upon probable cause, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed. 2d 777 (1964); Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925); Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914). This right to search and seize without a search warrant extends to things under the accused’s immediate control. Preston v. United States, supra; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime — things which might easily happen where the weapon or evidence is on the accused’s person or under his immediate control.
 

 Where the issue involves justifying a warrantless search, the courts have long distinguished between an automobile and a home or office. In Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), the issue was the admissibility in evidence of contraband liquor seized in a warrantless search of a car on the highway. After surveying the law from the time of the adoption of the Fourth Amend
 
 *1033
 
 ment, the Court held that automobiles and other conveyances may be searched without a warrant in circumstances which would not justify the search without a warrant of a house or an office, provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).
 

 Moreover, we have held that the constitutional guarantee against unreasonable search and seizure is not violated where the object seized is visible to the senses. That is, it is not a search to see what is patent and obvious. State v. Johnson, 249 La. 950, 192 So.2d 135 (1966). See also Fagundes v. United States, 340 F.2d 673 (1st Cir. 1965); 47 Am.Jur., Searches and Seizures, § 20; 79 C.J.S. Searches and Seizures, § 66.
 

 Applying these principles to the facts of this case, it is readily apparent that the only and real issue involved in the motion tc suppress is whether probable cause existed for the arrest of Dell. For, once Dell was arrested, the discovery of the objects which were fruits or implements of the robbery did not involve a constitutionally protected search or seizure since they were in plain view without entry into the automobile. U.S.Const. 4th Amend.; La.Const. art. 1 § 7. And even as to the roll of nickels obtained from Dell’s person not in plain view, the search necessary to discover this vital evidence was made contemporaneously in time and place with the arrest and, if the arrest be lawful, such a search is constitutionally permissible.
 

 Thus, in determining whether the warrantless arrest falls within constitutionally permissible standards, the principal concern is whether it is made on probable cause.
 

 In this state an arrest without warrant is lawful when made by a peace officer when: “The peace officer has reasonable cause to believe that the person to be arrested has committed an offense although not in the presence of the officer * * This “reasonable cause” we have found to have the same meaning as “probable cause” under the federal and state constitutional guarantees against unreasonable search and seizure. State v. Millsap, 258 La. 883, 248 So.2d 324 (1971). See also U.S.Const. 4th Amend.; La.Const. art. 1 § 7.
 

 This “probable cause” exists when the facts and circumstances within the arresting officer’s knowledge, and of which he has reasonable, trustworthy information, are sufficient in themselves to justify a man of average caution in the belief that an offense has been or is being committed. Compliance with these standards is, in the first instance, a substantive determination to be made by the trial court from the facts and circumstances of the case.
 

 And in determining compliance with these standards it is not the proof required
 
 *1035
 
 for conviction which is relevant. Proof required to satisfy the requirement of probable cause, or reasonable cause to believe, is less and is what the terms imply: probabilities and practical considerations of everyday life on which reasonable men could reasonably be expected to act.
 

 In such cases, because only factual issues are presented by the contentions, the setting in which the arrests took place becomes a factor of prime importance; facts and circumstances known to the arresting officers from which they might draw conclusions warranted by their training and experience become the focus of our attention with due allowance for the discretion vested in the trial court. State v. Millsap,
 
 supra.
 

 III.
 

 Starting with the proposition that probable cause to make this arrest was shown to the satisfaction of the trial judge, we will not repudiate this finding in the absence of a clear showing of abuse of discretion. We find none here.
 

 Officer Harper was called to the scene of the armed robbery about two-thirty in the
 
 morning.
 
 Upon arrival, by questioning, he ascertained the facts and circumstances which enabled him to report the crime to police headquarters. Thus he had knowledge that a crime had been committed and that the robber was a Negro slightly lighter in color and somewhat taller than Clarence Moore, the victim and station attendant. Coupled with these facts and the obvious inference that the robber escaped by automobile, shortly thereafter he observed what turned out to be Dell’s automobile traveling very slowly near the scene of the robbery with two Negro occupants staring at the station. It would be an extreme coincidence to have any automobile, other than one occupied by persons having knowledge of the robbery at the station, travel five or ten miles per hour past the station with its occupants devoting their entire attention to the station by staring at the activity there. It would be unrealistic for Officer Harper not to believe such conduct at this early morning hour had some relation to the crime. When Dell and his companion were surprised by Harper and refused to heed his first command to stop, turned their heads and prepared to drive away, Harper’s cause to arrest their departure was further justified.
 

 After Dell stopped and could not produce identification or a driver’s license, Harper was given cause to place him under arrest, which he did.
 
 [1]
 
 The subsequent search of
 
 *1037
 
 Dell’s person produced the wrapped nickels which Moore had previously informed Harper were taken in the robbery. With these facts Harper called Moore from the station to identify Dell. Although Moore could not positively identify Dell as the robber because the bag obscured his head and face, he told Harper that Dell otherwise fit his recollection of the robber — that is, he was the same color, weight and height. It was then apparent that the robbery had been committed by Dell and any subsequent search of the vehicle immediately thereafter at the exact scene of the arrest was lawful under both federal and state constitutional standards. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and Carpenter v. Sigler, 419 F.2d 169 (8 Cir. 1970). We, therefore, find this bill of exceptions to be without merit.
 

 IV.
 

 The contention that the verdict of the jury must be unanimous has been rejected by this Court on at least two occasions. State v. Caston, 256 La. 459, 236 So. 2d 800 (1970) and State v. Schoonover, 252 La. 311, 211 So.2d 273 (1968). Nothing has been said on behalf of this contention here which is not answered in the cited cases.
 

 V.
 

 The contention that the sentence to fifteen years in the penitentiary without the benefit of parole,. probation or suspension is cruel and — unusual punishment is without merit.
 

 As we understand the argument advanced in support of this contention, it is that this sentence will necessarily extend beyond the point in time when it has achieved the effect intended to be accomplished by imprisonment, which is rehabilitation of the offender. Incarceration beyond this limit, it is urged, will have the contrary effect and the prisoner will be embittered to his own and society’s detriment.
 

 This offender took the stand in his own behalf and admitted on cross-examination to prior convictions of burglary, theft and other lesser crimes. From this sparse record his chances of rehabilitation are at least questionable. Aside from this consideration, there is nothing in the record to convince us that the results counsel predicts will follow. The problem appears to require testimony of experts in the field of criminal rehabilitation. The record as made up does not lend itself to a proper determination in favor of this contention and we must reject it. What this argument fails to consider is the need to protect society against what Dell’s record indicates will most probably involve a repetition of this and other crimes.
 

 The conviction and sentence are affirmed.
 

 [1]
 

 . La.R.S. 32:402 requires all drivers to secure a driver’s license, and La.R.S. 32 :- 411(d) requires the licensee, while driving on the highway, to have in his possession and to display his license upon demaud of a peace officer in the proper discharge of his duty. La.R.S. 32 :427 prescribes a fine and imprisonment as a penalty for violation of the requirements.