263 So.2d 28

STATE of Louisiana

v.

Richard S. WOOD.

No. 51758.

June 5, 1972.

James Miguez, Lake Charles, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., James C. McInnis, Asst. Dist. Atty., for plaintiff-appellee.

SANDERS, Justice.

The State charged Richard S. Wood with the unlawful possession of marijuana in violation of LSA–R.S. 40:962. The defendant filed a motion to suppress the marijuana taken from him, on the ground that it was unconstitutionally seized. After an evidentiary hearing, the trial judge overruled the motion to suppress. Upon trial, the jury returned a verdict of guilty. The defendant received a sentence of one year in the Calcasieu Parish jail. He appealed, relying upon the Bill of Exceptions reserved to the overruling of his motion to suppress. We hold that the motion was properly overruled and affirm the conviction.

The record reflects that on May 29, 1970, Deputy Sheriff Theos Duhon received information by telephone from a reliable informant that several persons, including the defendant Wood, were smoking marijuana at Apartment 1, Terrace Twelve Apartments, in Calcasieu Parish. The informant advised that one Didelot was furnishing the marijuana. He cautioned the officer to hurry to the apartment, because Didelot was about to leave with Wood in Wood's yellow Chevrolet to conceal the marijuana.

In about 45 minutes, Deputy Sheriff Duhon and Deputy Jack Hebert arrived at the apartment. The officers found Donald Sigur at the apartment and inquired about the marijuana party. He stated that everybody had left, but gave the officers permission to enter the apartment and search it.

While the deputies were in the apartment, Didelot came to the open door.

Upon seeing the deputies inside, he hurried toward a yellow car, in which he had arrived. The occupants of the car were Wood, the driver, and Gladys McCraney. The officers placed Didelot under arrest. He appeared to be under the influence of drugs. They then asked the defendant Wood and Miss McCraney to accompany them into the apartment.

The officers searched Didelot and found several packets of marijuana in his boots. About the same time, the officers observed Miss McCraney and then Woods place what appeared to be a marijuana cigarette in their mouths and try to swallow it.

Deputy Hebert testified that he then placed them under arrest and began to retrieve the substance in their mouths. At this point, he told Miss McCraney, "We are going to have to take you in and have your stomach pumped." She then opened her mouth, and the officer scraped some of the substance from her tongue with a spoon. She spit up some of it on a piece of paper. Using the spoon to scrape his tongue, the officers also retrieved marijuana from defendant's mouth. After securing the marijuana, Deputy Duhon again told them they were under arrest and formally advised them of their rights.

In his motion to suppress, the defendant alleged that the seizure of the marijuana from his mouth was a violation of his rights under both the federal and state constitutions for the following reasons: (1) It

was seized without the benefit of a search warrant, and (2) It was not seized as an incident to a valid arrest.

In the trial of a motion to suppress tangible evidence, the burden of proof is upon the defendant. LSA–C.Cr.P. Art. 703. He must establish the grounds for the motion by a preponderance of the evidence.

Concededly, the officers had no search warrant. Because of the emergency, they had no time to get one. Defendant contends that he was placed under arrest when the officers requested that he get out of his car and accompany them to the apartment; that the arrest was without probable cause and unlawful; that the later seizure of the marijuana was not incidental to a lawful arrest; hence, it was an unconstitutional search and seizure.

The State contends that probable cause to arrest defendant existed when the officers ordered him out of the car and into the apartment. Alternatively, they contend that Article 215.1 of the Louisiana Code of Criminal Procedure, the stop-and-frisk law, applies and officers legally seized the marijuana in a legal stop-and-frisk.

In his *Per Curiam*, the trial judge states:

"In this Court's opinion there was probable cause for the arrest of the defendant, Richard (or Rickey) Wood, based solely on information received from the reliable informer that he had

participated in a "pot party" at the apartment in question shortly before his arrest there.

"Whether or not Wood was actually under arrest at the time particles of marijuana were taken from his mouth is immaterial. In obedience to the instructions of the officers he and his female companion went into the apartment contemporaneously with the arrest and search of the alleged accomplice, Richard Didelot. About the time that marijuana was found on Didelot, one of the officers observed the girl and Wood put something into their mouths and chew it. Under these circumstances, together with the information previously obtained from the informer, the officers had every reason to believe the substance in the defendant's mouth was marijuana."

Assuming, without deciding, that defendant's arrest occurred at the automobile, a position most favorable to defendant, we agree with the trial judge that the officers had probable cause to arrest him at that point.

Article 213 of the Louisiana Code of Criminal Procedure provides:

"A peace officer may, without a warrant, arrest a person when:

"(3) The peace officer has reasonable cause to believe that the person to be ar-

rested has committed an offense although not in the presence of the officer. . . ."

■ As we have often held, probable cause for a warrantless arrest exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Dell, 258 La. 1024, 249 So.2d 118 (1971); State v. Johnson, 249 La. 950, 192 So.2d 135 (1966), cert. den. 388 U.S. 923, 87 S.Ct. 2144, 18 L.Ed.2d 1374.

■ The arrest must stand on firmer ground than mere suspicion. The arresting officer, however, need not have sufficient evidence to convict. In testing probable cause, a court takes into account the total atmosphere of the case. United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); 5 Am.Jur.2d, Arrest § 44, p. 735; Fisher, Laws of Arrest, § 78, pp. 168–171 (1967).

■ In the present case, the officer had received information from a reliable informant that he had seen Wood smoking marijuana at the apartment.[1] The report was an eye-witness account of the narcotic activity. The same informant had previously supplied information that had produced six

---

1. At that time, the possession or control of marijuana was a felony. See LSA– R.S. 40:981, former Uniform Narcotic Drug Law.

or seven convictions.[2] The informant advised the officer to hurry, because Didelot was planning to leave with Wood in Wood's yellow Chevrolet to "stash the stuff."[3]

From previous contact, Didelot was known to the officers as a narcotic offender. When Didelot saw the officers in the apartment, he turned and moved hurriedly toward the car in which defendant was seated. When arrested, Didelot appeared to be under the influence of narcotics.

Under these circumstances, the officers properly arrested the defendant without a warrant. They had probable cause to do so.

Since the defendant's arrest was lawful, the seizure of the marijuana incident to the arrest violated no rights under the Fourth Amendment of the United States Constitution.

▬ The Fourth Amendment prohibits only *unreasonable* searches and seizures. It is well established that a warrantless search of a person, as well as his immediate surroundings, incident to lawful arrest does no violence to the guarantee. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 Ed.2d 726 (1963); Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964); James v. Louisiana, 382 U.S. 36, 86 S.Ct. 151, 15 L.Ed.2d 30 (1965); Chimel v. California, 395 U.S. 752, 89 S.Ct.

2. Tr. 79.

2034, 23 L.Ed.2d 685 (1969); Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).

Although the motion to suppress makes no specific attack upon the method of securing the marijuana from defendant's mouth, that is, with a spoon after one of the officers told Miss McCraney that he would have to have her stomach pumped out, we have considered the question raised by the seizure in the light of the decisions of the United States Supreme Court in Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) and Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952).

In Rochin v. California, the United States Supreme Court held that the forcible extraction of two capsules of morphine from defendant's stomach, by introducing an emetic solution into his stomach through a tube against his will and causing him to vomit, offended "a sense of justice" and violated the Due Process Clause of the United State's Constitution.

In the later case of Schmerber v. California, the United States Supreme Court held that the forcible extraction of a blood sample from the defendant by a physician at the direction of a police officer violated no constitutional rights.

The teaching of these decisions is that the method used by law enforcement offi-

3. Tr. 38.

cers in the seizure of narcotics from body concealment may be so cruel or bizarre as to offend constitutional guarantees, especially that of due process. Whether the method used is constitutionally offensive depends upon whether it shocks the conscience of civilized men.

 It is common knowledge that narcotic offenders often try to swallow narcotics to defeat the law enforcement process. Law enforcement officers, of course, may adopt reasonable measures to retrieve the contraband. In the present case, the officers used a spoon to remove the particles of marijuana from the defendant's tongue. Under the circumstances, the action of the officers was neither cruel nor bizarre. As the United States Supreme Court observed in Schmerber v. California, the officers were confronted with an emergency that threatened the destruction of evidence.

■ Neither do we think that the officer's statement concerning the use of a stomach pump is sufficient to render the seizure unconstitutional. According to the testimony, the statement was made to Miss McCraney. As made, it represented no threat of physical violence to the female arrestee, and certainly not to the defendant, to whom the statement was not

addressed.[4] Moreover, the record is insufficient to establish that the defendant yielded to the seizure of the marijuana because he overheard the statement and construed it as a threat of physical violence.

We conclude that the ruling of the trial judge rejecting the motion to suppress is correct.

For the reasons assigned, the conviction and sentence are affirmed.

DIXON, J., dissents.

■

263 So.2d 32

**STATE of Louisiana**

v.

**Paul Harry HOWARD.**

**No. 51560.**

June 5, 1972.

___

4. "I didn't threaten her, sir. I was going to have to fight her for it, so I just told her that we are going to have to take you in and have your stomach pumped out. That was pure fact, sir. It wasn't a threat."