291 So.2d 393 (1974)
STATE of Louisiana
v.
Milton Wilmer SARRAZIN.
No. 53983.
Supreme Court of Louisiana.
February 18, 1974.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
Samuel H. Collins, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
CALOGERO, Justice.
The defendant, Milton Wilmer Sarrazin, was charged by Bill of Information with *394 having violated La. R.S. 14:62, simple burglary. A twelve man jury found defendant guilty as charged on July 12, 1972. On July 19, 1972, the defendant filed a Motion for New Trial. The Motion for a New Trial was denied, and the defendant was sentenced to the custody of the Director of the Department of Corrections for four (4) years, with credit for time served while awaiting trial. The defendant relies upon two perfected bills of exceptions to obtain a reversal of his sentence and conviction.
The facts are: On April 3, 1972, at approximately 12:45 p.m., the New Orleans Police Department received a telephone call from Mrs. Iola Lafonta, telling them of a possible burglary taking place at 2311 Laharpe Street. Mrs. Lafonta lived at 2306 Laharpe Street. Within approximately ten minutes, two officers of the New Orleans Police Department, officers O'Brien and Patrolia, arrived at the scene.
The two officers immediately started checking the residence located at 2313 Laharpe Street. They found the residence secure and walked into the street. Thereupon they met the complainant and she told the officers that she had seen two Negro males observing the residence located at 2311 Laharpe, and walk down a little alley on the side of the house. She further stated that she had not seen the two males leave and that she knew that the owner of the house, Mrs. Norma Isor, was not at home.
Thereupon, the officers checked the front of the house and found it secure. Upon reaching the back of the residence, the two officers observed the defendant climbing out of the rear window of the residence. They called out to him to stop at which time he turned and ran. Officer O'Brien gave direct pursuit, keeping the defendant in view all the time. O'Brien chased the defendant through two yards and over fences and finally subdued him with the assistance of Officer Patrolia, who had gone around the front of the house in order to cut off the defendant's escape. At this point the defendant was informed that he was under arrest for burglary and advised of his constitutional rights. The defendant was then searched and a screwdriver and nuts and bolts were taken from his pockets.
When the defendant was taken back to the scene, he was identified by Mrs. Lafonta as the individual she saw walking into the alley adjacent to the house. At the trial Mrs. Lafonta testified that the defendant was the man she had seen in the alley. Mrs. Isor testified that the bolts and nuts looked like those removed from the burglar guard on the back window of her house.
Bill of Exceptions No. 1
This bill was reserved when the trial judge denied defendant's Motion to Suppress certain evidence. Before proceeding to trial, defendant, through his attorney, filed a Motion to Suppress in which he sought to exclude from evidence the screwdriver, nuts and bolts that had been found on his person at the time of his arrest. The motion alleged the search was unlawful, illegal, not incident to a valid arrest and without a warrant.
Article 213(3) of our Code of Criminal Procedure provides that a peace officer may make a warrantless arrest of a person when he has reasonable cause to believe that the person to be arrested has committed an offense, although not in the officer's presence. This Court in State v. St. Amand, 274 So.2d 179, 186 (1973), with regard to probable cause to make a warrantless arrest stated:
"Reasonable, or probable, cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to justify a man of average caution in the belief that an offense has been committed. In determining whether reasonable cause for arrest exists, the rigorous proof required for conviction is not *395 needed. Reasonable cause is something less and must be judged by the probabilities and practical considerations of everyday life on which average men, and more particularly average police officers, can be expected to act. State v. Williams, 260 La. 1167, 258 So.2d 539 (1972); State v. Dell, 258 La. 1024, 249 So.2d 118 (1971)."[1]
In the case before us, a neighbor told the police she had been two blacks going down the alley next to the house at 2311 Laharpe. She had not see them emerge, and she knew the occupants were not at home. When the police walked around the house in question, they observed the defendant climbing out of one of the back windows. The defendant fled, and was chased until apprehended. One officer had the defendant in view the entire time. Defendant was then arrested, advised of his constitutional rights, and searched at which time the screwdriver and nuts and bolts were discovered. The police testified the nuts and bolts were taken off a burglar guard at the residence in question. They testified the defendant was the same person they had seen climbing out the window of the burglarized house.
Under the facts and circumstances of this case, the police had probable cause to believe a burglary had taken place and that the defendant had perpetrated it. Thus, the defendant's Fourth Amendment rights against unlawful searches and seizures were not violated, as there existed probable cause to make the arrest and the search incident to the lawful arrest was permissible. Therefore, we conclude this bill to be without merit.
Bill of Exceptions No. 2
This bill was reserved to the introduction into evidence during the trial, of the screwdriver, nuts and bolts found in the pockets of the defendant at the time of his arrest, S-5; and also to the introduction of the latent print taken from the burglarized premises and a fingerprint of the accused from his booking slip, S-6. The S-5 exhibit was objected to for the reasons set out in Bill of Exceptions No. 1. The objection to the prints was, ". . . there has been no showing of the chain of evidence in connection with this particular object. I don't think the State has established the necessary chain to permit it to be introduced."
Regarding the latent print, it was lifted from a cash box located in a closet in a bedroom of the burglarized house. Officer James Trip, was qualified as an expert in the recognition and identification in lifting of fingerprints, without objection by the defense. He testified that twelve points of identification were the usual standard for matching fingerprints, but that in this case he had 13 points. He testified that the print he found on the cash box was the left ring finger. He compared this with the print of the left ring finger of defendant's booking slip, and found them to be identical.
As we said in State v. Isaac, 261 La. 487, 260 So.2d 302 (1972),
"Before the admission of an object in evidence, a foundation must be laid showing that it is related to the case. The foundation testimony may consist of visual identification of the object by witnesses or by establishing a continuous chain of custody from the seizure of the object to its introduction in evidence at the trial. For admission, it suffices if the testimony establishes that it is more probable than not that the object is connected with the case. A preponderance of the evidence is sufficient. State v. Coleman, 254 La. 264, 223 So.2d 402 (1969); State v. Martin, 250 La. 705, 198 So.2d 897 (1967); State v. Bertrand, 247 La. 232, 170 So.2d 386 (1965)."
In the case of both the screwdriver, nuts and bolts, and the latent prints, the *396 police officers visually identified the objects introduced into evidence as being the same as those obtained at the scene of the crime. We therefore find that the foundation laid by the State was legally sufficient under the test enunciated in State v. Isaac, supra.
Therefore, we find this bill to be without merit.
We note that on July 19, 1972, the defendant filed a Motion for a New Trial which was denied. Thereafter, the trial judge sentenced the defendant. According to C.Cr.P., art. 873 a sentence shall not be imposed until at least twenty-four hours after the motion is overruled. Therefore, we affirm the conviction and remand the case for resentencing in accordance with law.
NOTES
[1] See State v. Wood, 262 La. 259, 263 So.2d 28 (1972).