MARCUS, Justice.
Defendant, Wayne Black, was tried and convicted of possession of marijuana.[1] He was sentenced to serve six months in *475 the parish jail. On defendant’s motion, the trial court granted an appeal to this Court. Defendant relies on nineteen bills of exceptions to obtain a reversal of his conviction and sentence.
At the outset, it must be noted that this Court is without appellate jurisdiction over this case since the sentence actually imposed does not exceed six months. La. Const. art. 7, § 10(5). However, under our general supervisory jurisdiction, we will treat this matter as a timely application for writs. State v. Duplantis, 296 So.2d 818 (La.1974).
BILL OF EXCEPTIONS NO. 1
This bill was reserved to the trial judge’s denial of defendant’s motion to suppress evidence consisting of a marijuana cigarette, an alligator clip, and three “roaches,” or marijuana cigarette butts, seized from defendant’s person after his arrest.
Defendant contends that the evidence was obtained in an unlawful search and seizure and, thus, should have been excluded since: (1) the arrest was without probable cause; and (2) even if the arrest were considered lawful, the search was not “incident” thereto. The state urges that the arrest was made with probable cause and that the search was incident to the lawful arrest.
The circumstances of the arrest and search are not in dispute. The uncontra-dicted testimony of Mr. Otha B. Gregory, the arresting officer, at the hearing on the motion to suppress reveals that at approximately 11:30 p. m. on the evening in question Gregory, the Village Marshall of Pleasant Hill, Louisiana and Deputy Sheriff of Sabine Parish, received a telephone call from one identifying himself as Steve Abercrombie. The caller alleged that Wayne Black, the defendant, had sold him a marijuana cigarette. Gregory went to Abercrombie’s home to verify the call, and Abercrombie gave him the cigarette that he alleged to be the object of the sale. Though he had never made a drug arrest, Gregory had seen confiscated marijuana before, and the cigarette tendered by Aber-crombie was similar in appearance to the contraband he had previously seen.
Gregory and Abercrombie then went to a local cafe where Abercrombie alleged that the sale had earlier taken place. As Aber-crombie emerged with the defendant and approached Gregory, he turned to defendant and said: “Wayne, Mr. Gregory wants to know something about that cigarette that you sold me.” The defendant replied: “I didn’t sell you no damn cigarette.” When Gregory asked defendant to get into his car to discuss the matter, defendant bolted and ran. Gregory testified that he knew the defendant, and the defendant knew him as the Village Marshall. Gregory asked him to stop, gave chase unsuccessfully, and shot a pistol in the air. The defendant circled the block and returned to the cafe from the opposite direction, whereupon he was arrested and handcuffed by Gregory. Gregory then brought defendant to the Pleasant Hill jail, located in the City Hall, and called for sheriff’s deputies from Many to transfer the prisoner to the Sabine Parish jail. Defendant remained in the Pleasant Hill jail between twenty minutes and an hour before being transported to Many.
The search in question occurred before defendant was taken from his confinement at Pleasant Hill to a patrol car, preparatory to his transfer to the parish prison. The defendant had been wearing an Air Force field jacket, which he had removed. According to the testimony of Wayne Turner, one of the deputies called by Gregory, the defendant was about to put on the jacket when it was decided to search the jacket for weapons. The marijuana and alligator clip were discovered in one of the jacket pockets. The deputies had been informed of all the circumstances that had previously transpired at the time of the search.
*476 We must first determine whether the police office had probable cause to arrest defendant. Article 213 of the Code of Criminal Procedure provides in pertinent part:
A peace officer may, without a warrant, arrest a person when:

(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense although not in the presence of the officer

We have often held that probable cause for a warrantless arrest exists when the facts and circumstances known to the arresting officer and of which he has reasonable, trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested had committed a crime. State v. Wood, 262 La. 259, 263 So.2d 28 (1972); State v. Dell, 258 La. 1024, 249 So.2d 118 (1971). Compliance with these standards must be determined by the trial court from the facts and circumstances of the case.
The defendant contends that the information acted upon by Gregory was not reasonable and trustworthy because it was obtained from Abercrombie, whom Gregory knew to be inclined to wield a knife in frequent barroom altercations. However, Gregory is emphatic in his testimony at the hearing on the motion to suppress that, based upon his observation of Abercrombie over the years, the informant’s proclivity towards violence in no way affected his truthfulness. As Gregory remarked in his testimony:
I got all the confidence in the world in Steve Abercrombie telling me the truth about this or anything' — he might be a drinker and he might cut people, but as far as truthfulness I would almost guarantee it, and that is observation over the years.
Further, Abercrombie’s allegation of defendant’s unlawful activity was corroborated by his production of a cigarette appearing to Gregory to be marijuana, by defendant’s presence at a cafe that Aber-crombie alleged to be the place of sale, by Gregory’s observation of defendant’s “thick-tongued” speech and abnormal appearance upon emerging from the cafe, and by defendant’s evasiveness and flight upon being asked questions about the marijuana. Thus, the facts and circumstances as they appeared to Gregory corroborated the information he had received from Abercrombie, authenticating its reliability. Therefore, we conclude that, since the events that preceded defendant’s arrest justified a reasonable belief that defendant had committed the alleged offense, the officer had probable cause to arrest defendant without a warrant.
The question remains, however, whether the search made of defendant after his arrest, in which the marijuana was discovered and seized, was lawful. It is well settled that a search of the accused person and the area within his immediate control incident to a lawful arrest is a traditional exception to the warrant requirement of the fourth amendment. The rationale for this rule has long been to protect the arresting officers from hidden weapons and to prevent potential escape attempts, as well as to avoid the possible destruction of evidence by the arrestee.
Recently, the United States Supreme Court has announced that the mere fact of a custodial arrest of a suspect based upon probable cause provides a constitutional basis for a full search of an arrestee’s person. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); Gustafson v. Florida, 414 U.S. 260, 94 S. Ct. 488, 38 L.Ed.2d 456 (1973).[2]
In United States v. Robinson, the Court stated:
A custodial arrest of a suspect based on probable cause is a reasonable intrusion *477 under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a ‘reasonable’ search under that Amendment. 414 U.S. at 235, 94 S.Ct. at 477.
Under the authority of the above cited cases, the search made of defendant’s field jacket was lawful. Obviously, the search of an arrestee’s person incident to a lawful arrest included the search of defendant’s field jacket for weapons that might be used to imperil the lives of the police officers transporting defendant to the parish prison as well as to attempt to escape. As stated in Robinson, it is the fact of the lawful arrest that established the authority to search. Thus, in the case of a lawful custodial arrest, as here, a full search of the defendant is not only an exception to the warrant requirement of the fourth amendment, but is also a “reasonable” search under that amendment. Thus, the trial court correctly denied the motion to suppress, and the bill is without merit.
BILL OF EXCEPTIONS NO. 2
This bill was reserved to the trial court’s denial of defendant’s motion to quash the bill of information. Defendant contends that the petit jury venire was improperly drawn, selected or constituted by systemically excluding women from service. Specifically, defendant attacks article 402 of the Code of Criminal Procedure as violating the equal protection and due process clauses of the United States Constitution by providing that women will not be selected for jury service unless they file a written declaration of their desire to serve. As will be seen below, defendant is without standing to challenge article 402 because he is not entitled to a jury trial for this misdemeanor charge of possession. Thus, the issue is not before us. Nevertheless, even if defendant were entitled to a jury trial, we have rejected this challenge before and would do so again. E. g., State v. Jack, 285 So.2d 204 (La.1973). Thus, this bill is without merit.
BILL OF EXCEPTIONS NO. 3
The next specified error is the action of the trial court in holding the case over until after lunch on the assigned trial date. This was done at the state’s request in order to allow travelling witnesses time to arrive. Defendant contends that this deprived him of his right to a speedy trial. This argument is specious on its face, and defendant offers no legal precedent to justify a ruling that a brief delay of several hours deprives a defendant of his right to a speedy trial. Therefore, this bill is without substance.
BILLS OF EXCEPTIONS NOS. 4 AND 5
These bills arose in the following context. Defendant was charged by separate bills of information with possession and distribution of marijuana on February 17, 1973. With the consent of defense counsel, the two cases were consolidated for trial on the trial date set for the misdemeanor charge of possession. Since the trial date was ordinarily reserved for misdemeanors, which are tried by the judge alone, there was no jury present. Immediately after the first witness was sworn, defendant moved for a mistrial of both charges on the ground that the state was putting on witnesses in a jury case before the jury was selected. The court granted a mistrial only as it related to the felony charge of distribution since this charge was necessarily punishable at hard labor, requiring a jury trial under the Louisiana Constitution. La.Const. art. 7, § 41. However, he denied defendant’s motion for a mistrial insofar as the misdemeanor charge of possession was concerned. Thereafter, *478 he severed the charges and ordered defendant to trial on the misdemeanor charge of possession. It was to this latter action that Bills Nos. 4 and 5 were reserved.
Defendant contends that, in consolidating the two charges for trial, the state consented to a jury trial for the misdemeanor charge as well. Thus, it is urged that the trial court erred in not granting a mistrial on both charges. We do not agree. It can hardly be said that by consolidating the two charges for trial without a jury on a misdemeanor trial day, the state consented to try both cases before a jury. Thus, the bill lacks merit.
BILL OF EXCEPTIONS NO. 6
Defendant next contends that the trial court erred in allowing testimony of the alleged distribution of marijuana by defendant at his trial for possession. It is urged that this was highly prejudicial.
The sale constituted an event coterminous with defendant’s possession and thus is admissible as res gestae. La.R.S. 15:448 (1950); State v. Richard, 245 La. 465, 158 So.2d 828 (1963). Moreover, even assuming that the testimony relating to the sale was inadmissible, there is no showing of prejudice. The trial judge had previously heard testimony of the sale at the hearing on the motion to suppress. Thus, he already had full knowledge of the alleged transaction. This bill is without merit.
BILL OF EXCEPTIONS NO. 7
Over defendant’s objection, Officer Gregory was permitted to testify that he received a telephone call from Steve Abercrombie and that the call concerned the defendant. Defendant reserved this bill on the ground that Gregory’s testimony identifying defendant as the subject of the conversation constituted inadmissible hearsay. We disagree. While an arresting officer may not testify about the circumstances or reliability of information that he received, he may testify that he made the arrest as a result of information received about the defendant. State v. Vassel, 285 So.2d 221 (La.1973). The trial judge’s ruling so limited Gregory’s testimony and was legally correct. Thus, the bill is without merit.
BILL OF EXCEPTIONS NO. 8
This bill was reserved to the trial court’s admitting the marijuana and alligator clip into evidence. Defendant contends that the chain of custody was not properly established. While the custody of the evidence perhaps left something to be desired, we are satisfied that a sufficient chain of custody was established to permit introduction of these exhibits. The law does not require that the evidence as to custody eliminate all possibility that the objects have been altered. To be admissible, it suffices if the objects introduced are shown to be reasonably connected with the defendant or the crime and have some relevancy that the trial judge considers sufficient to warrant their introduction into evidence. State v. Gladden, 260 La. 735, 257 So.2d 388 (1972), appeal dismissed, 410 U. S. 920, 93 S.Ct. 1377, 35 L.Ed.2d 581, (1973); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972). The trial judge’s determination that the evidence was admissible was correct. Therefore, this bill is without merit.
BILLS OF EXCEPTIONS NOS. 9 THROUGH 19
These remaining bills of exceptions were reserved to the trial court’s repeated refusal to permit the defendant to present the testimony of four witnesses concerning Abercrombie’s reputation for violence. Defendant alleges that his motive for fleeing the scene of his eventual arrest upon his initial encounter with Gregory was his fear of Abercrombie rather than his guilt and that the trial court’s refusal to permit testimony to establish that *479 his fear was genuine deprived him of his right to a fair trial.
The defendant was allowed, however, in his testimony to explain his reasons for running from the cafe. Further, defendant explained his peaceful submission to arrest on his return to the cafe as evidence of his innocence. The trial jduge excluded the testimony of other witnesses on the ground that such testimony would only be speculative regarding defendant’s state of mind and the circumstances of the alleged incident.
We find no error in the trial judge’s rulings. The defendant was given a fair opportunity to explain the motive for his behavior. Exclusion of further speculative evidence on the issue was proper. Thus, the bill is without merit.
Since, as previously noted, we do not have appellate jurisdiction in this matter, we ex proprio motu dismiss this appeal and, for the reasons assigned, deny relator’s application for writs.
BARHAM, J., concurs with reasons.
TATE, J., concurs and assigns reasons.
DIXON, J., dissents with reasons.
CALOGERO, J., dissents for the reasons assigned by DIXON, J.

. We note, sua sponte, that the bill of information charged defendant under La.R.S. 40:971(B) (Supp.1973), as amended, (Supp. 1974), which generally prohibits the manufacture and distribution of unlawful drugs, rather than La.R.S. 40:966(0) (Supp.1973), as amended, (Supp.1974), which prohibits, inter alia, possession of marijuana. This is of no moment, as the bill of information details the nature of the charge in its recital that defendant “ . . . did knowingly have in his possession a controlled dangerous substance, to-wit: marijuana . . . .” Thus, the defendant was fully informed of the nature and cause of the accusation against him. La.Const. art. 1, § 10.

. It should be noted tlmt these cases involved warrantless searches and seizures of heroin (Rohin.ion.) and marijuana (Gustafson) from the arrestees’ persons after lawful arrests for traffic violations based upon probable cause.