SANDERS, Chief Justice.
The State charged Lewis Hammett with driving while intoxicated, a violation of *127 LSA-R.S. 14:98. Defendant filed a motion to suppress “all evidence ... on the grounds that the same came as a result of an illegal arrest.” The trial court granted the motion, declaring two arrest statutes, LSA-C.Cr.P. Arts. 213(3) and 933(4), unconstitutional. Because the court declared a statute unconstitutional, the State appealed to this Court. See LSA-Const. Art. 5, § 5(D).
In his motion, defendant successfully argued that because the police officer did not see him commit the offense, he was unauthorized to arrest him. Thus all evidence seized was suppressed.[1]
The provisions at issue, LSA-C.Cr.P. Arts. 213(3) and 933(4), provide, respectively, that:
Article 213:
“A peace officer may, without a warrant, arrest a person when:
“(1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor it must be made immediately or on close pursuit;
“(2) The person to be arrested has committed a felony, although not in the presence of the officer;
“(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer; or
“(4) The peace officer has received positive and reliable information that another peace officer holds a warrant for the arrest.
“A peace officer in close pursuit of a person to be arrested, who is making an arrest pursuant to this article may enter another jurisdiction in this state and make the arrest.” [Emphasis added.]
Article 933:
“Except where the context clearly indicates otherwise, as used in this Code:
“(1) ‘Offense’ includes both a felony and a misdemeanor.
“(2) ‘Capital offense’ means an offense that may be punished by death.
“(3) ‘Felony’ means an offense that may be punished by death or by imprisonment at hard labor.
“(4) ‘Misdemeanor’ means any offense other than a felony, and includes the violation of an ordinance providing a penal sanction.” [Emphasis added.]
In declaring LSA-C.Cr.P. Arts. 213(3) and 933(4) unconstitutional, the trial judge stated:
“With respect to the provisions of La.C.Cr.P. Art. 213(3), the Court feels that there is a constitutional infirmity in such provision in that the sub-section refers to ‘offense’. By reference to La.C.Cr.P. Art. 933 ‘offense’ is not defined with particularity except that it ‘ . . . includes both a felony and a misdemeanor’ . ‘Misdemeanor’ is then defined as follows:
(4) ‘Misdemeanor’ means any offense other than a felony and includes the violation of an ordinance providing a penal sanction.
It thus appears that there is not specific delineation to the meaning or coverage of ‘misdemeanor’. What exactly is the extensiveness of the meaning of ‘penal sanction’? (Imprisonment? Fine? Award of attorney fees? Award of accelerated damages? Adverse status determination? Adjudication of societal wronging having adverse consequences not necessarily involving imprisonment or fine?) Is ‘offense’ within the meaning of C.Cr.P. Art. 933(4) limited to Title 14 crimes and local ordinances, or does it extend to the whole body of statutory law — state and local? Does the language ‘ . . .as used in this Code: ‘limit the thrust of such article to Title 14 provisions? The clear possibility of differing interpretations leads this Court to the conclusion that La.C.Cr.P. Art. 933(4) is subject to the constitutional infirmities of vagueness, differing constructions and ambiguity, especially in light of stricti juris interpretations of criminal statutes, and is therefore unconstitutional.” [Footnotes omitted.]
*128 It is evident, therefore, that the trial judge concluded that these provisions are void for vagueness. We disagree.
Article 213(3) refers to “an offense.” Offense is defined in Article 933 as including a felony and misdemeanor. Felony is then specifically defined as an offense that may be punished by death or by imprisonment at hard labor. Finally, misdemeanor is defined as “any offense other than a felony, and includes the violation of an ordinance providing a penal sanction.”
The trial judge had difficulty with the words “penal sanction.” In the context of this article, the words mean a criminal penalty, or sentence. Although all language is imprecise to some degree, the phrasing is sufficiently clear to avoid unconstitutionality. Thus, the definition includes the violation of an ordinance providing a criminal sentence. We note, however, that the arrest in the present case was for the violation of a state statute.
The remaining interpretative questions noted by the trial judge are insubstantial. Articles 213 and 933 apply to all criminal prosecutions and proceedings in the district courts. LSA-C.Cr.P. Art. 15. Hence, the application of these articles is not restricted to the crimes defined in the Louisiana Criminal Code (Title 14, LSA). The articles also apply to a prosecution for crimes defined by other statutes.
The official revision comments of Article 213 state specifically that:
“(a) This article combines the better features of the A.L.I. Code, § 21 and Ill.Code of Crim.Proc., § 107-2(c), with former R.S. 15:60,[2] and makes the following changes:
“(1) Instead of the phrase ‘felony or misdemeanor,’ this article contains the term ‘offense.’ Art. 933 defines ‘offense’ to include both felony and misdemeanor,’ and ‘misdemeanor’ to include violations of ordinances.
“By use of the term ‘offense’ in Clause (3), the authority of a peace officer to make arrests for crimes committed out of his presence is broadened to include arrests for misdemeanors as well as for felonies. Accord: Ill.Code of Crim.Proc., § 107-2." [Emphasis added.]
Moreover, the official revision comments of Article 933 state further that “ ‘[O]ffense’ is a general term which is frequently employed to cover both felonies and misdemeanors.” Article 933 additionally provides definitions for “felony” and “misdemeanor” which are in strict conformity with LSA-R.S. 14:2. Therein, the official revision comments note that the “felony” and “misdemeanor” definitions “are the commonly accepted ones in this State. See Arts. 337-342, La.Code of Crim.Proc. of 1928.”
Thus, we conclude that the term “offense” in Article 213(3) includes both misdemeanors and felonies.
It is well established that a police officer can make an arrest without a warrant if he has reasonable grounds to believe that the person to be arrested has committed an offense, though not in the presence of the officer. State v. Terracina, La., 309 So.2d 271 (1975); State v. Dell, 258 La. 1024, 249 So.2d 118 (1971); State v. Millsap, 258 La. 883, 248 So.2d 324 (1971).
Thus, we hold that the statutes are constitutional. Since the ruling of the trial *129 judge, sustaining the motion to suppress, was based upon the uneonstitutionality of the statutes, that ruling must be reversed.
For the reasons assigned, the ruling of the trial court sustaining defendant’s motion to suppress is overruled. The case is remanded to the district court for further proceedings according to law and consistent with the views herein expressed.
TATE, J., concurs and assigns reasons.
CALOGERO, J., concurs for reasons assigned by TATE, J.

. Neither the record nor the motion state what evidence was seized. However, defendant’s brief refers to the evidence from PEI test, a test for intoxication.

. The former LSA-R.S. 15:60 provided:
“Any peace officer may, without a warrant arrest a person:
"(1) For the commission of any felony or misdemeanor committed in his presence;
“(2) When such person has committed a felony although not in the presence of the officer;
“(3) When a felony in fact has been committed and he has reasonable cause to believe that such person has committed it;
“(4) When he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that such person has committed it;
“(5) When he has received positive information by written, telegraphic or other authoritative source that another officer holds a warrant for such arrest.” [Emphasis added.]