BOWES, Judge.
Defendant, Willie D. Brown, was charged by a bill of information with violating R.S. 40:966, possession of marijuana. A motion to suppress evidence was filed. It was heard and denied on October 29, 1984, and this writ ensued.
Relator assigns and argues the following three alleged errors:
1. The district court erred in upholding the search of defendant’s person when the police officer did not have reasonable cause to arrest the defendant for the crime of disturbing the peace (LSA-R.S. 14:103).
2. The district court erred in upholding a search incidental to an arrest for a misdemeanor charge when the officer was aware of the summons pro *862 cedure and had no reason not to use the procedure as required by law.
3. The district court erred in accepting Paragraph Three of Article 213 of the Louisiana Code of Criminal Procedure as overruling Paragraph One.
We find each of these assignments of error without merit. On May 23, 1984, Deputy D. Hooper of the Jefferson Parish Sheriffs office was dispatched to the 1100 block of Inca Drive in response to a complaint phoned into the sheriff’s office. Upon arriving on the scene, a young black male informed the deputy that he had been having problems with Willie D. Brown for several days and, in response to something that had gone on in the street that day, Brown “had been yelling obscenities and cursing [the complainant] ... and threatening to kill him.” The victim further stated that “[h]e was afraid that something— some harm would really come to him.” A report was filled out and, following the statement “I will prosecute”, at the bottom, the victim signed his name.
When Deputy Hooper approached the man identified to her as “Brown” in an attempt to investigate the complaint, Brown would not respond to her questions, so she placed him under arrest. During the routine search following defendant’s arrest, the marijuana, now sought to be suppressed, was discovered.
We find that the arresting officer, Deputy Hooper, did have reasonable cause to arrest the defendant for disturbing the peace. LSA-R.S. 14:103 states in part:
A. Disturbing the peace is the doing of any of the following in such manner as would foreseeably disturb or alarm the public:
(1) Engaging in a fistic encounter; or
(2) Addressing any offensive, derisive, or annoying words to any other person who is lawfully in any street, or other public place; or call him by any offensive or derisive name, or make any noise or exclamation in his presence and hearing with the intent to deride, offend, or annoy him, or to prevent him from pursuing his lawful business, occupation, or duty; or ...
Relator argues that under a very close and detailed reading of the statute the arresting officer “had no reasonable cause to believe a crime had taken place.” We disagree. The deputy had a signed complaint from the victim (a member of the public) who had been addressed by the defendant in an offensive and annoying manner on a public street. She needed nothing more.
Relator next complains that under La.C.Cr.P. art. 211 a summons should have been issued to Brown in lieu of his arrest. Article 211 states:
A. When it is lawful for a peace officer to arrest a person without a warrant for a misdemeanor, he shall give a written summons instead of making an arrest if all of the following exist:
(1) The officer has reasonable grounds to believe that the person will appear upon summons;
(2) The officer has no reasonable grounds to believe that the person will cause injury to himself or another or damage to property or will continue in the same or a similar offense unless immediately arrested and booked;
(3) There is no necessity to book the person to comply with routine identification procedures.
B. In any case in which a summons has been issued, a warrant of arrest may later be issued in its place.
According to the complainant, the defendant’s conduct had been continuing for a number of days; and, since Brown refused to discuss his conduct with the officer, she had no reason to believe that the defendant would cease his offensive conduct upon the mere issuance of a summons.
In his last assignment of error, relator concludes that Article 213 of the Louisiana Code of Criminal Procedure forbids, or at least frowns upon, an arrest for a misdemeanor committed out of the officer’s presence. Article 213 states in part:
A peace officer may, without a warrant, arrest a person when:
*863 (1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor, it must be made immediately or on close pursuit;
(2) The person to be arrested has committed a felony, although not in the presence of the officer:
(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer; or
Defendant argues that paragraph (1) of the article is more specific than paragraph (3) and that, since the officer could not testify as to how close her arrest of Brown followed his alleged offense, she was without authority to make a warrantless arrest.
This argument appears taken from a concurring opinion by Justice Tate in State v. Hammett, 359 So.2d 126, 129 (La.1978). He stated:
In my opinion, the trial judge correctly construed La.C.Cr.P. art. 213 as not allowing the warrantless arrest of a defendant for a misdemeanor not committed in the officer’s presence. La.C.Cr.P. art. 213(1) is a specific provision permitting warrantless arrests by an officer when “The person to be arrested has committed an offense in his presence, and if the arrest is for a misdemeanor it must be made immediately or on close pursuit.” La.C.Cr.P. art. 213(3) (permitting warrantless arrest for any offense when there are reasonable grounds therefor) is a general provision which, if inconsistent, must yield to the specific circumstances set forth in art. 213(1).
Historically, the position of Justice Tate is supported by both the statutory authority and the jurisprudence. La.R.S. 15:60, the source provision for C.Cr.P. art. 213 provided:
The former LSA-R.S. 15:60 provided:
“Any peace officer may, without a warrant arrest a person:
“(1) For the commission of any felony or misdemeanor committed in his presence;
“(2) When such person has committed a felony although not in the presence of the officer;
“(3) When a felony in fact has been committed and he has reasonable cause to believe that such person has committed it;
“(4) When he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that such person has committed it;
“(5) When he has received positive information by written, telegraphic or other authoritative source that another officer holds a warrant for such arrest.”
State v. Hammett, supra at 128 n. 2.
However, it is apparent from the Official Revision Comments following Article 213 that it was the intent of the Legislature, when enacting the existing article, to enlarge the authority of an officer making a misdemeanor arrest. Those comments state that (1) “offense” includes both felonies and misdemeanors and that (2) “By use of the term ‘offense’ in Clause (3), the authority of a peace officer to make arrests for crimes committed out of his presence is broadened to include arrests for misdemeanors as well as felonies.” There can be no clearer expression of legislative intent than the preceding statement. Additionally, in Naquin v. Iberia Parish School Board, 157 So.2d 287, 289 (La.App. 3rd Cir.1963), Judge Tate noted the following rule of statutory construction:
“The deliberate change of substance between the former procedural statute and the present ... article replacing it, is a significant indicia that change from the former procedure was intended.” [citation omitted]
Accordingly, for the reasons stated above, the application is refused.