257 So.2d 689

**STATE of Louisiana**

**v.**

**Manuel GAINES.**

**No. 51452.**

Feb. 3, 1972.

Pierce & Malone, Charles N. Malone, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., J. David McNeill, III, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

This is an appeal from a judgment convicting the appellant of the crime of armed robbery, La.R.S. 14:64, and fixing his punishment at ten years at hard labor in the State Penitentiary. Appellant relies on

one bill of exceptions to obtain a reversal of the conviction.

By this bill, the accused contends the testimony of four police officers was irrelevant and highly prejudicial and should not have been admitted. The officers testified they went to the home of the accused, armed with a waiver of search warrant signed by the accused. Once there, they were confronted by the accused's mother and brother, among others, who engaged the officers in such resistance that additional police assistance was required to effect the search of the premises. Subsequently, the mother and brother were themselves arrested. During the ride to the police station, the mother displayed a gun, which was taken from her by the police, and was later entered into evidence as "a revolver of the type used" in the robbery.

There is no question that the testimony of the officers was relevant, admittedly admissible evidence laying the foundation for the introduction of the revolver into evidence. La.R.S. 15:441. Furthermore, the accused's mother, on cross-examination, corroborated the testimony of the police officers (R–144), pertaining to her resistance to the search and seizure of the revolver.

Finally, the accused argues his mother was his sole alibi witness and this testimony was entirely discrediting, greatly reducing her credibility. This contention is without merit, and no authority is cited in support of it. The issue raised concerns solely the propriety of the admissibility of the testimony, and we find the evidence was properly admitted.

In any case, we further do not find any miscarriage of justice nor that of any of the accused's substantial rights were prejudiced by the admission of the testimony. La.C.Cr.P. Art. 921.

For these reasons, the conviction and sentence are affirmed.