TATE, Justice.
The defendant was convicted of simple burglary, La.R.S. 14:62, and sentenced to five years in the State penitentiary. On her appeal, she relies upon four bills of exceptions.

Bill of Exceptions No. 1.

The defendant orally prayed leave to file a motion to quash the information, on the ground that the jury venires had been improperly constituted. La.C.Cr.P. Art. 532(9). This oral motion was made on the morning of the day of the trial, which had been fixed one month earlier.
A motion to quash on such ground must be filed at least three judicial days before commencement of the trial, La.C.Cr.P. Art. 535, subd. B(2), unless the court grants permission to do so before commencement of the trial. The court refused to exercise its discretion to permit this belated filing of the motion to quash, since the request to do so was untimely and since in a timely filed motion to quash in another case the general venire had been held proper. A majority of this court cannot say the district judge abused his discretion.[1]

*1034
Bill of Exceptions No. 2.

The prosecuting attorney asked a witness to the burglary to identify the race of the man who had just come out of the premises broken into. The defendant then moved for a mistrial, on the ground that this was a prejudicial reference to race. La.C.Cr.P. Arts. 770, 771. Over objection, the witness was permitted to testify that the man was white. •
The context facts are these: The man who had just burglarized the service station got into a green Chevrolet which was driven to him by a black woman. After this car escaped, it was stopped thirty or forty miles away within two hours later by the state police. On its front seat floor were found two pistols and some tools useful in burglary. The man’s description was identical to that given by the witness to the burglary.
The description of this burglar was material and relevant to connect the burglary with the occupants of the car stopped, and the arrest of the man and the black woman (the defendant) with him at the time. She was otherwise unidentified as a participant in the burglary. The trial court correctly held that this identification testimony was admissible on that ground. The testimony is thus not objectionable as unfairly prejudicial, and therefore is not within the scope of the prohibition of La.C.Cr.P. Arts. 770(1) and 771. No error was committed by permitting the witness to identify the race of the burglar.

Bill of Exceptions No. 3.

This bill was taken to the overruling of a motion to suppress certain articles as unconstitutionally seized from the Chevrolet in which the other suspected burglar and the defendant were riding.
After the Chevrolet with its two occupants drove away from the scene, the Webster Parish sheriff’s office broadcast by police radio a description of the car, its license number, and its occupants (as a white man and a black woman), all described as wanted for burglary of the service station. A state police officer saw and followed the car on the highway, and he stopped it.
On opening the car door, he saw the pistols and the burglary tools. He took the pistols out. (The other items were seized later, after the man executed a voluntary waiver to further search and seizure.)
The state police officer told the two occupants of the automobile he had stopped that he was holding them for the Webster Parish sheriff’s office. The Webster dep *1036 uties came within minutes and (again) arrested them.
The trial court found the search and seizure to be reasonable and an incident to a lawful arrest. La.C.Cr.P. Arts. 213(2), (3); 225; State v. McClure, 258 La. 999, 249 So.2d 109 (1971). Cf., Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L. Ed.2d 306 (1971). (Even without the arrest, there was probable cause for a lawful warrantless search of the automobile and for seizure of the incriminating articles found therein. State v. Dell, 258 La. 1024, 249 So.2d 118 (1971); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).)
The defendant contends this warrantless arrest was unlawful because, at the time the state police detained the defendant and the other suspect, they were not informed “of the cause of their arrest” —i. e., that it was for burglary of the service station — as required by La.C.Cr.P. Art. 218.
The code article indicates that this requirement is not applicable if the arrestee “is pursued immediately after its [the crime’s] commission”, as here. State v. Martin, 255 La. 961, 233 So.2d 898 (1970).
We find no error in the trial court’s overruling the motion to suppress the evidence seized.

Bill of Exceptions No. 4.

The final bill was taken to the overruling of a motion for a new trial. Aside from re-urging the errors raised by the previous bills, the defendant claims there was a total absence of evidence to convict her of the crime. She contends that the evidence simply shows she was found in an automobile with the burglar when he was arrested about two hours later. '
The argument really questions the sufficiency of the evidence, which is concededly not reviewable on appeal. Under the evidence, the trial jury could reasonably conclude that the defendant was the woman in the car at the time of the burglary, and that she was a principal aiding in its commission, La.R.S. 14:24, by driving the car to, and helping the man escape from, the scene.

Decree

For the reasons assigned, the conviction and sentence are affirmed.
Affirmed.

. In fairness to the defendant, her counsel noted that he did not seek a continuance, but asked the court to delay its ruling on the motion to quash at the end of the trial, see La.C.Cr.P. Art. 535, subd. D, and further consented to adopt, for purposes of facilitating' the court’s ruling, all of the evidence taken on the motion *1034 to quash in the other ease. Had the trial court granted the motion and followed such procedure, the legal issue woulcl have been preserved for appellate review in the present ease.