PER CURIAM.
Frank Millsap, Jr. was tried by a jury and found guilty of armed robbery. La.R.S. 14:64. He was sentenced to be confined in the state penitentiary for forty (40) years. He reserved and perfected seventeen bills of exceptions during the proceedings, but on this appeal has urged only five alleged errors which he grouped in his brief in three arguments. The remaining bills of exceptions are considered abandoned.
The defendant’s first argument is based on Bills of Exceptions Nos. 3 and 4. These bills were reserved during pre-trial proceedings on the denial of a Motion to Suppress. The whole matter directed itself to whether or not, when the police apprehended Frank Millsap,[1] they had probable cause to effect an arrest and seize certain evidence from the vehicle in which he was arrested.
At about 6:00 P.M. on the night of December 8, 1970, the Baton Rouge City Police received a call that there had been an armed robbery of a finance company located on Florida Boulevard. The radio bulletin was based on information Sergeant Bowman of the City Police obtained from the victim, Jo Ann Streetman, which included a description of the alleged robber, a description of his clothes and the fact that when fleeing the scene of the crime, the perpetrator was in an off-white or beige Volkswagen, and, in particular, the license plate on that car was secured by only one bolt on the left, the tag hanging down to the right.
At about 6:13 P.M. a Volkswagen fitting the general description of that given in the bulletin passed two officers on routine patrol, Detectives Andrepont and Barbat, who attempted to stop the Volkswagen by turning on their siren and flashing red light and giving chase. Detective Andre-pont testified that the driver of the Volkswagen did not yield for a block, but that at a traffic light at which the Volkswagen stopped, the officers jumped out of their cruiser with drawn guns and ordered the two occupants out onto the street. As the suspects disembarked, the officers say they saw, through the open door, a pistol on the floor of the car and some loose change, currency and clothing in plain view in the back seat.
Defense counsel cites the U. S. Supreme Court case, Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971) (Syllabus 8) to support his argument of lack of probable cause; however, we do not find the facts therein applicable to the *698 instant case. There the court found the search warrant issued could not support the independent judgment of a disinterested magistrate. In Whiteley, supra, the court found that the arresting police officers did not have corroborative information that would support the reliability of the informant or the informant’s conclusion that Whiteley and his companion were connected with the crime. Here, we do not reach a decision on whether such additional grounds, if any, for suspecting Mill-sap or the car of involvement in the armed robbery could be considered in determining, retrospectively, whether the arrest should be held illegal for purposes of excluding evidence garnered as a result thereof. State v. Amphy, 259 La. 161, 249 So.2d 560 (1971). Cf. State v. McClure, 258 La. 999, 249 So.2d 109 (1971). In a similar situation in State v. Robinson, 261 La. 1029, 261 So.2d 654, 656 (1972), this Court found that,
“ * * * Even without the arrest, there was probable cause for a lawful, warrantless search of the automobile and for seizure of the incriminating articles found therein. State v. Dell, 258 La. 1024, 249 So.2d 118 (1971); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).”
The trial judge held that the police officers had probable cause to believe the defendant had committed a felony. We agree. While more than mere suspicion is required to make an arrest, knowledge to an absolute certainty is not required. It is sufficient that the vehicle stopped, with its tell-tale slanting license tag and off white beige color, gave the police probable cause to believe it was in fact the suspect car. La.C.Cr.P. art. 213(2), (3)and 218. See also State v. Johnson, 249 La. 950, 966, 192 So.2d 135, 141 (1966) and the cases cited therein.
Pursuant to a lawful arrest, the seizure of evidence that is in plain view and that is suspected as the tools and fruits of the robbery for which the defendant was tried is not prohibited. State v. Edwards, 257 La. 707, 243 So.2d 806 (1971).
There is no merit to Bills of Exceptions Nos. 3 and 4.
When the trial court refused to grant a mistrial on motion by the defendant based upon the fact that the jury venire did not represent a cross section of the community in that women were systematically excluded, defense counsel reserved Bills of Exceptions Nos. 5 and 6.
This Court has held that our law, which permits the calling for jury service only those women who have filed with the clerk of court a written declaration of their desire to be subject to jury service. (La.C.Cr.P. art. 402) is not irrational and discriminatory. State v. Daniels, 262 La. 475, 263 So.2d 859, 864 (1972) and the cases cited therein. See also State v. Alexander, 255 La. 941, 233 So.2d 891 (1970), wherein the U. S. Supreme Court granted certiorari in this matter and reversed the conviction of the accused, on grounds other than the absence of women jurors. It specifically declined to pass on the validity of the provisions of La.C.Cr.P. art. 402. 405 U.S. 625, 92 S.Ct. 1221, 1226-1227, 31 L.Ed.2d 536 (1972).
These bills lack merit.
Bill of Exceptions No. 8 was taken to the trial court’s overruling of the defendant’s objection to the introduction of testimony concerning an aggravated battery upon a sheriff’s detective, Earl D. Andre-pont, Jr.
Defense counsel argues that the detective’s testimony relating a scuffle between the defendant and the police officer at the time of his arrest which led to a separate aggravated battery charge against the defendant was irrelevant.
We find no legal authority to support the defendant’s contention that testimony should have been excluded as to his conduct and the events which transpired at the time of his arrest. La.R.S. 15:441, 442 *699 (relevancy) and 15:447, 448 (res gestae). Furthermore, the defendant himself, under direct examination by his own counsel corroborated the testimony of the police officer pertaining to the alleged battery. Neither do we find any miscarriage of justice nor that any of the defendant’s substantial rights were prejudiced by the admission of the testimony. This contention is without merit. La.C.Cr.P. art. 921. See also State v. Gaines, 260 La. 999, 257 So.2d 689 (1972).
For the reasons assigned, the conviction and sentence are affirmed.

. Larry Williams, who had originally been arrested and charged by Bill of Information with the defendant, later, on trial, entered a plea of guilty.