284 So.2d 563 (1973)
STATE of Louisiana
v.
Ernest VINCENT.
No. 53542.
Supreme Court of Louisiana.
October 29, 1973.
Donald R. Jory, Jory & Donald, Jennings, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Bernard N. Marcantel, Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
After trial under an indictment charging manslaughter (R.S. 14:31), conviction by a jury and sentence to serve ten years at hard labor, defendant perfected this appeal, relying on one bill of exceptions.
*564 This bill was reserved to the denial of a motion for a new trial. The motion urges that the verdict is contrary to the law and the evidence in that there was either no evidence or insufficient evidence to show that the defendant did not act in self defense. The motion presents solely the factual assertion that the evidence was not sufficient to justify the verdict.
In denying the motion, the trial court found that ample evidence was presented to support the verdict.
The allegation that the verdict is contrary to the law and the evidence presents no question of law for our review. State v. Landry, 262 La. 32, 262 So.2d 360 (1972); State v. Grey, 257 La. 1070, 245 So.2d 178 (1971). The sufficiency of the evidence is not reviewable on appeal; it is only where there is no evidence to support an essential element necessary to the conviction that the court will review the record on appeal. See State v. Robinson, 261 La. 1029, 261 So.2d 654 (1972). Despite this, we have carefully reviewed the record which was made part of the bill of exceptions and conclude, as did the trial judge, that there was some evidence upon which the jury could reach its verdict. There was evidence to support all essential elements of the crime, as well as that the killing was not justifiable.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs with reasons.
BARHAM, Justice (concurring).
I concur in the result; however, I make a strong point of difference with the majority's preliminary statement that an allegation in a motion for new trial which urges no evidence fails to present an issue for our review.
When a motion for new trial presents the question of "no evidence" as opposed to "insufficient evidence", a question of law is presented which must be reviewed by this Court on appeal.