292 So.2d 234 (1974)
STATE of Louisiana
v.
William Oliver WASHINGTON.
No. 54159.
Supreme Court of Louisiana.
March 25, 1974.
*235 James Robert Jeter, Stephen R. Yancey, II Cook, Clark, Egan, Yancey & King, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John Richardson, Dist. Atty., Charles R. Lindsay, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
William Oliver Washington was charged by bill of information with the armed robbery of Harvin Adams on March 31, 1973, in violation of R.S. 14:64. After trial by jury, he was found guilty and sentenced to serve sixteen years at hard labor. He now appeals his conviction and sentence, relying on four bills of exceptions for reversal thereof.
Bills of Exceptions Nos. 1 and 2 relate to the contention, urged in a motion to quash and a motion in arrest of judgment filed in the trial court, that the exemption of women from jury service contained in Article VII, Section 41 of the Louisiana Constitution[1] and Article 402 of the Code of Criminal Procedure[2] violates the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution.
Defendant recognizes that the exemption of women from jury service has been upheld in Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961). He nevertheless argues that in Healy v. Edwards, 363 F.Supp. 1110 (1973), the United States District Court for the Eastern District of Louisiana declined to follow the Hoyt decision.
The identical contention and argument were made and rejected recently by this Court in State v. Womack, 283 So.2d 708 (La.1973). We reiterate our pronouncement in Womack which is determinative of the issue presented in these bills:
"In Hoyt v. Florida, 368 U.S. 57, 82 S. Ct. 159, 7 L.Ed.2d 118 (1961), the United *236 States Supreme Court rejected an identical contention in upholding the constitutionality of a Florida statute similar to the Louisiana provision under attack here. Following Hoyt v. Florida, supra, we maintained the constitutionality of the exemption in numerous decisions. See, e. g., State v. Enloe, La., 276 So.2d 283 (1973); State v. Curry, 262 La. 280, 263 So.2d 36 (1972); State v. Daniels, 262 La. 475, 263 So.2d 859 (1972); State v. Reese, 250 La. 151, 194 So.2d 729 (1967), cert. den., 389 U.S. 996, 88 S.Ct. 485, 19 L.Ed.2d 495; State v. Comeaux, 252 La. 481, 211 So.2d 620 (1968); State v. Pratt, 255 La. 919, 233 So.2d 883 (1970); State v. Alexander, 255 La. 941, 233 So.2d 891 (1970), reversed on other grounds, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536; State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971), death sentence vacated on other grounds, 408 U.S. 939, 92 S.Ct. 2871, 33 L.Ed.2d 760; State v. Millsap, 258 La. 883, 248 So.2d 324 (1971); State v. Amphy, 259 La. 161, 249 So.2d 560 (1971), cert. den., 405 U.S. 1074, 92 S.Ct. 1502, 31 L.Ed.2d 807.
"We note the recent decision of the United States District Court for the Eastern District of Louisiana in Healy et al. v. Edwards et al., 363 F.Supp. 1110 (1973), holding the Louisiana provision for women's exemption from jury service unconstitutional. Decisions of the lower federal courts, of course, are not binding upon state courts. Under our dual system of courts, the United States Supreme Court is the arbiter of federal constitutional questions. Hence, we will continue to follow its last authoritative expression in Hoyt v. Florida, supra, until that Court has again spoken on the subject."
Thereafter, in State v. Davis, 284 So.2d 896 (La.1973), we held that the provisions of Louisiana law inhibiting the service of women on juries (Article VII, Section 41 of the Louisiana Constitution and Article 402 of the Code of Criminal Procedure) do not violate the due process or equal protection rights of a defendant. The argument that Article 402 C.Cr.P. was unconstitutional was rejected in State v. Jack, 285 So.2d 204 (La.1973). We adhere to these holdings until such time as the United States Supreme Court decides this issue to the contrary.
Bills of Exceptions Nos. 1 and 2 are without merit.
Bill of Exceptions No. 3 was reserved to the overruling of defendant's motion for a new trial. This motion recites that defendant "moves for a new trial on the ground that the verdict finding him guilty of armed robbery would result in injustice to the defendant if permitted to stand, for the reasons and causes now set forth, among other[s], to-wit: The verdict is contrary to the law and the evidence that testimony offered by the State was conflicting and insufficient for a reasonable finding that defendant was a principal to the crime for which he was convicted beyond a reasonable doubt; or The ends of justice would be served by granting defendant a new trial in that the testimony of State witness Gwendolyn Washington explicitly proved bias, interest and corruption on the part of the remaining State witness."
In denying the motion for a new trial, the trial judge stated:
"I listened carefully to the evidence and to the demeanor of the witnesses on the stand. All those matters are jury questions, and the jury considered all those decisions, and all those problems, and then they got through, they voted unanimously for the guilt of this defendant.
"Certainly, the crime was proven and this defendantevidence was introduced of this defendant's guilt, upon which the jury could reasonably find he was guilty beyond a reasonable doubt, in my opinion.
"I don't see any quarrel at all with the decision of the jury."
*237 A motion for a new trial based upon the allegations that the verdict is contrary to the law and the evidence (Article 851(1) C.Cr.P.) requires the trial judge to pass upon the sufficiency of the evidence. State v. Daspit, 167 La. 53, 118 So. 690 (1928). He did so in this case and concluded that the verdict was correct. The sufficiency of the evidence is not reviewable on appeal; it is only where there is no evidence to support an essential element necessary to the conviction that the Court will review the record on appeal. State v. Vincent, 284 So.2d 563 (La.1973). The appellate jurisdiction of this Court in criminal cases is restricted to questions of law alone. Article VII, Section 10 of the Louisiana Constitution; Article 858 C.Cr.P. Thus, we are prohibited from reviewing questions of fact in criminal cases. It has been uniformly held that a bill of exceptions reserved to the refusal of the trial judge to grant a motion for a new trial based on Article 851(1), relative to the sufficiency of the evidence, presents nothing for our review. State v. Plummer, 281 So.2d 716 (La.1973).
The motion for a new trial in this case is basically leveled at the sufficiency of the evidence. Accordingly, it presents nothing for our review.
Although not mentioned in the motion filed, defendant in his brief makes an additional argument that a witness for the State, Mary Louise Fisher, was intimidated during her testimony by the presence in the courtroom of one, Roosevelt Smith. Smith apparently lived with the witness and was involved in the events surrounding the commission of the crime herein. Defense counsel argues that he thought Smith would be called as a witness for the State and had, thus, been excluded from the courtroom under Article 764 C.Cr.P. While Mary Louise Fisher admitted on cross-examination that Smith had hit and cut her in the past, she testified that she was not afraid of him nor did his presence in the courtroom bother or intimidate her. Counsel for defendant then requested the court to place Smith under the rule, and it was so ordered. Counsel continued his cross-examination of the witness.
Article 764 C.Cr.P. deals with the exclusion of witnesses from the courtroom and provides that: "Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom. * * *" The State argues that at the beginning of the trial, all witnesses who were to testify were called forward and placed under the rule. The State contends that it never intended to call this man as a witness and did not do so. It is argued that defendant was well-acquainted with Smith and knew that he had not been placed under the rule nor excluded from the courtroom.
Accordingly, we do not see where defendant has any cause for complaint. The State had no obligation to call Smith as a witness, thereby subjecting him to the rule. There is no showing that the trial judge should have been aware of any reason to exclude Smith from the courtroom on his own motion. Furthermore, Smith was immediately sequestered when request was made by defense counsel. Also, there is no showing that the witness was intimidated or bothered in any way by the presence of Smith in the courtroom. Thus, there is no substance to this complaint.
The bill is without merit.
Bill of Exceptions No. 4 was taken when the trial judge refused to allow a letter allegedly written by defendant's sister, Mary Louise Fisher, to be read to the jury when she was on cross-examination during the State's case in chief. The import of the letter was that, although she would testify for the State and against the defendant, her testimony would be untrue.
This witness was asked by defense counsel on cross-examination if she had not written such a letter and she denied writing same. At this point, defense counsel sought to read each statement in this letter before the jury. Objection was made, sustained *238 by the judge, and a bill was reserved.
It is the position of defendant that, under the provisions of R.S. 15:460.1, he was entitled to proceed as he did and should have been allowed to read the letter to the jury.
R.S. 15:460.1 provides:
"Comparison of a disputed writing with any writing proved to the satisfaction of the judge to be genuine shall be permitted to be made by witnesses in criminal cases. The writings and the evidence of witnesses respecting the writings may be submitted to the court and jury as evidence of the genuineness or otherwise of the writing in dispute."
Defense counsel argues in this Court that the person to whom the letter was attributed was present in court and in fact on the witness stand at the time he attempted to read the letter. Counsel sought to have the witness write so that samples of her handwriting could be submitted for comparison. He urges that R.S. 15:460.1 explicitly sets forth the method for determining the genuineness of a document, and he was attempting to employ this procedure when he was thwarted by the ruling on the objection resulting in extreme prejudice to defendant.
The trial judge correctly disposed of this contention in his per curiam as follows:
"The Court sustained an objection to this procedure for the reason that there had been no foundation for the introduction of the letter and envelope produced by counsel for defendant as to where, when or how they had been obtained nor was it defendant's time to introduce evidence since the State had not yet completed its case.
"Thereafter, when defendant put his case on, and after defendant took the stand and testified that he had received it in the mail while he was in jail awaiting trial, that he recognized the handwiring as that of his sister, then said letter was introduced. The import of the letter was that although she would testify for the State and against defendant, her testimony would be untrue. Defense counsel was not prevented from introducing the letter and envelope after the foundation was laid nor was the jury prevented from making the comparison but only the matter was postponed until the proper time. Evidently the jury rejected defendant's contentions after the comparison."
Thus, even assuming error was committed, it was harmless in view of the fact that defense counsel ultimately achieved the introduction of the letter into evidence. Hence, no prejudice to defendant could have resulted from the ruling.
Bill of Exceptions No. 4 is without merit.
For the reasons assigned, the conviction and sentence of defendant are affirmed.
SUMMERS, J., concurs in the result.
BARHAM, J., concurs. Exclusion of females from jury service is unconstitutional.
NOTES
[1] Article VII, Section 41 states in pertinent part: "The Legislature shall provide for the election and drawing of competent and intelligent jurors for the trial of civil and criminal cases; provided, however, that no women shall be drawn for jury service unless she shall have previously filed with the clerk of the District Court a written declaration of her desire to be subject to such service."
[2] Article 402 C.Cr.P. provides: "A woman shall not be selected for jury service unless she has previously filed with the clerk of court of the parish in which she resides a written declaration of her desire to be subject to jury service."