SANDERS, Chief Justice.
The defendant was charged by bill of information with Distribution of Marijuana in violation of LSA-R.S. 40:971. The jury returned a verdict of guilty, and the trial judge sentenced the defendant to serve a term of three years in the custody of the Louisiana Department of Corrections. He appeals, relying upon three bills of exceptions for a reversal of his conviction.
BILL OF EXCEPTIONS NO. 1
Defendant reserved this bill of exceptions after the trial judge sustained the State’s objection to a defense question directed to a 17-year-old witness for the State, Scottie Hebert.
The question and objection are as follows :
“Q You’re not charged of anything as a result of this marijuana deal?
“[District Attorney] If Your Honor please, I object. This boy is a juvenile and going into any juvenile proceedings would not be proper. It would not be allowed.
“The Court: I’ll sustain your objection.”
*433 The,question was avowedly-an effort by the defendant to show that the State had withheld proceedings against the witness, who had received marijuana from the defendant.
In Davis v. Alaska, 415 U.S. 308, 94 S. Ct. 1105, 39 L.Ed.2d 347 (1974), the United States Supreme Court held that in certain circumstances the Confrontation Clause of the Sixth Amendment predominates over state statutes protecting the confidentiality of juvenile court records.
Here, despite the contested ruling, the defense asked and received a negative answer to the following question: “Have you ever been charged with anything?” (Tr. 86). Defense counsel was also allowed to interrogate the witness as to whether he had been promised anything in consideration for his testimony. In the light of the record, we find no basis for applying the doctrine announced in Davis v. Alaska, supra.
We conclude that the bill of exceptions is without merit.
BILL OF EXCEPTIONS NO. 2
The specification of error based on Bill of Exceptions No. 2 is that the trial court erred in denying defendant’s pre-trial motion to produce for inspection and analysis the alleged marijuana involved in the prosecution. The defendant relies upon State v. Migliore, 261 La. 722, 260 So.2d 682 (1972).
The State has replied that no such motion was filed and ruled upon in the case on appeal (District Court Docket No. 30,539); that the proceedings referred to occurred in another prosecution against the same defendant for possession of marijuana, State v. Raven J. Darbonne, District Court Docket No. 30,538. The State further argues that in any event the ruling of the judge only barred an unrestricted delivery of the marijuana to the defendant or his counsel.
We have reviewed the record as supplemented and concluded that the contested ruling did not occur in the case on appeal. The motion was filed and heard in State v. Raven J. Darbonne (Possession of Marijuana) District Court Docket No. 30,538, not in the present case. Hence, the ruling is not reviewable on this appeal.
BILL OF EXCEPTIONS NO. 3
The • defendant reserved Bill of Exceptions No. 3 to the denial of his motion for a new trial. In his assignment of error based on this bill, the defendant alleges there is no evidence of guilty knowledge or intent to distribute a controlled dangerous substance.
Under this assignment of error, our review is limited to determining whether there is some evidence to support the essential intent. See State v. Washington, La., 292 So.2d 234 (1974).
The intent “may be inferred from the circumstances of the transaction”. LSA-R.S. 15:445.
The prosecution witness, Scotty Hebert testified that he met the defendant at “Burger Chef” and that, after accompanying him to the “Pitt Grill”, he receieved a quantity of marijuana from him. Hebert further testified that he owed the defendant $30.00 “because I cut some lids from him”. The expert testimony established that the substance received by Hebert was in fact Marijuana.
We conclude that there is some evidence from which the jury could infer guilty knowledge and intent.
*434 For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., dissents, being of the opinion that there was a violation of the holding of Davis v. Alaska.
CALOGERO, J., dissents.