320 So.2d 161 (1975)
STATE of Louisiana
v.
Robert Joseph CELESTINE.
No. 56109.
Supreme Court of Louisiana.
October 1, 1975.
*162 Thomas D. Brumbaugh, Champagne, Colomb & Brumbaugh, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
By bill of information the District Attorney charged that Robert Celestine and Joseph Junius Logan, while armed with a pistol, attempted to rob Hugh Thomas in violation of Articles 27 and 64 of the Criminal Code.
Logan entered a plea of guilty and was sentenced. Celestine pled not guilty, was tried by a jury, found guilty and sentenced to 25 years with the Department of Corrections, with credit for time served. On this appeal he assigns three errors.
He asserts, first, that the verdict of the jury is contrary to the evidence adduced at the trial because the jury did not give the defendant the benefit of every reasonable doubt arising out of the evidence or lack of evidence as required by Article 804 of the Code of Criminal Procedure. Because of this, he argues, a question of law is presented which this Court may properly adjudicate on appeal.
No error has been assigned as required by Article 841, and no motion for a new trial has been filed and disposed of as required by Articles 851-58 of the Code of Criminal Procedure.
Notwithstanding the fact that this issue is presented for the first time in brief on this appeal and is not properly before the Court, there is no merit to the defendant's contention.
Appellate jurisdiction of this Court in criminal matters is limited to questions of law only. Questions of fact bearing upon the guilt or innocence of the accused are the exclusive province of the jury. La.Const. Art. VII, ¶ 10 (1921); La.Const. Art. V, ¶ 5(C) (1974); State v. Washington, 292 So.2d 234 (La.1974). Allegations that the verdict is contrary to the law and the evidence involve a question of the sufficiency of the evidence and, therefore, present nothing for review on appeal even if the allegations have been set forth in a motion for a new trial as required by Article 851 of the Code of Criminal Procedure. State v. Hollingsworth, 292 So.2d 516 (La.1974).
Defendant's contention that the jury did not give him the benefit of every reasonable doubt is a fact question which we cannot review on appeal, and for that additional reason this improperly presented assignment of error has no merit.
Alternatively, it is asserted by the defense that if the Court should reject the foregoing contention because a motion for a new trial was not timely filed, then he was denied the right to do so because, although he was represented by counsel at the trial and at the time of sentencing, he was, in effect, unrepresented because counsel did not file a motion for a new trial to have the judge pass upon the merits of the motion.
Nowhere in brief or elsewhere in this record are we informed what errors were committed at the trial which would support the motion, except a vague contention that the evidence was insufficient to support the verdict. Defendant was adequately represented by able counsel throughout the trial and at sentencing. We will not say, on the basis of the vague assertions in brief, that he should have filed a motion for a new trial or that it was error for him to fail to do so.
For the reasons assigned the conviction and sentence are affirmed.
BARHAM, J., concurs.