351 So.2d 500 (1977)
STATE of Louisiana
v.
Melvin EDWARDS and Vernado Mixon.
No. 59601.
Supreme Court of Louisiana.
October 20, 1977.
Rehearing Denied November 11, 1977.
*501 Trudy H. Oppenheim, Marcel J. Meunier, Jr., New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Melvin Edwards and Vernado Mixon were charged by bill of information on February 6, 1975 with aggravated burglary in violation of R.S. 14:60. After a trial by jury each was convicted of simple burglary in violation of R.S. 14:62.[1] Defendant Edwards was sentenced to serve nine years in the custody of the Department of Corrections while defendant Mixon, being found a multiple offender, was sentenced to eighteen years in the custody of the Department of Corrections. We affirm both convictions and discuss separately the respective assignments of error urged on appeal by the defendants.

ASSIGNMENTS OF ERROR NOS. 2 AND 3 (DEFENDANT EDWARDS)
In these assignments of error defendant Edwards alleges that the trial court erred when it ruled at a preliminary examination that the state was not required to divulge any specifics regarding a confidential informant which led to his arrest. Before the state is required to produce such information as an informer's identity, however, the defendant is required to show exceptional circumstances warranting disclosure. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971). In the present case no such showing has been made. Additionally, it should be noted that the preliminary examination at which this alleged error occurred was not even concerned with the defendant Edwards. Rather the preliminary examination was held for the defendant Mixon, his co-defendant. Thus, these assignments are without merit.

ASSIGNMENTS OF ERROR NOS. 1, 4 AND 5 (DEFENDANT EDWARDS)
In these assignments of error defendant contends that there existed no probable cause for his arrest, and therefore any later identification was tainted as "the fruit of the poisonous tree." It is well established that reasonable cause must have existed at the time of a warrantless arrest for such arrest to be valid. Article 213 of the Louisiana Code of Criminal Procedure provides in pertinent part:
A peace officer may, without a warrant, arrest a person when:
* * *
(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense although not in the presence of the officer.
In State v. Marks, 337 So.2d 1177 at 1182 (1976) the test for determining when such reasonable cause exists was stated thusly:

*502 Reasonable cause, which we have treated as consonant with the probable cause concept, exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Wood, 262 La. 259, 263 So.2d 28 (1972). Reasonable or probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. State v. Sarrazin, 291 So.2d 393 (La.1974). Compliance with these standards is in the first instance a substantive determination to be made by the trial judge from the facts and circumstances of the case. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); State v. Warren, 283 So.2d 740 (La.1973).
From the record now before us it appears that defendant Edwards did not request a preliminary examination in order to determine if reasonable, or probable, cause did exist for his arrest. However, from the record as a whole we can determine that Edwards was arrested on the basis of information provided by a "reliable" informant. We find that such information did constitute probable cause for the defendant's arrest under the above cited authorities. It appears that the informer was quite specific as to the automobile of the suspects, their description and make-up, and their addresses. Additionally, the investigating officers knew that the same informant had supplied quite reliable information concerning burglaries on six previous occasions. Therefore, it appears that the officers directing the arrest of defendant Edwards had within their personal knowledge information which would lead a reasonable person to believe that the defendant had committed a crime. See, State v. Linkletter, 345 So.2d 452 (La.1977); and State v. Marks, supra. Therefore, as the arrest was valid it could not affect the validity of the subsequent identifications. These assignments are without merit.

ASSIGNMENT OF ERROR NO. 6 (DEFENDANT EDWARDS)
The defendant contends in this assignment that the pre-trial identification procedure was overly suggestive and amounted to a denial of due process of law. In State v. Ross, 343 So.2d 722, 727 (1977) we made the following observation in regard to alleged suggestive identification:
The test of whether an out-of-court identification was so impermissibly suggestive and conducive to mistaken identification that defendant was denied due process of law must be determined by the facts of each case. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). A claimed violation of confrontation depends on the totality of circumstances surrounding it. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).
See also, State v. Jackson, 337 So.2d 508 (La.1976).
In the present case we find no facts which indicate that the lineup was conducted in a suggestive manner. At the trial the state offered the testimony of the police officer who conducted the lineup, Sgt. Orin Mills, Jr. He stated that the procedure employed in the present case was no different from that of any other case. All suspects selected their own position; all were attired in a similar fashion; and, all were of a similar race and build. Each of the witnesses who were present at the lineup testified that they were seated separately during the lineup and spoke to no one until they made their identification to the police officers after the lineup. Therefore, we find that the defendant's allegations contain no merit.[2]

*503 ASSIGNMENT OF ERROR NO. 7 (DEFENDANT EDWARDS)
Defendant alleges that the court erred in denying his motion for a directed verdict as there was no evidence presented at trial to prove his guilt for the crime charged. This assignment of error has no merit. Since the trial was held before July 17, 1975, Article 778 of the Code of Criminal Procedure before its latest amendment was applicable. There was ample evidence presented by the state as to the defendant's involvement in the crime. The trial judge thus properly allowed the case to go to the jury. And this Court can only reverse the conviction if there is no evidence of the crime or an essential element thereof. State v. Credeur, 328 So.2d 59 (La.1976). The state placed on the witness stand four witnesses [Mrs. Mitchell, Mr. Mitchell, Troy Peters, and Wilbert Delaney] who positively identified all three defendants [some witnesses only identified a few of the defendants] as the persons involved in the crime. Therefore, the trial judge correctly denied defendant's motion for a directed verdict for acquittal.
Defendant Vernado Mixon offers the following assignments of error as the basis for the reversal of his conviction:

ASSIGNMENT OF ERROR NO. 1 (DEFENDANT MIXON)
In this assignment of error defendant Mixon contends that he was unrepresented by counsel during the pretrial hearings on motions to suppress the search warrant, the evidence, and the identification. The basis for this contention is that defendant was purportedly represented at these hearings solely by a student practitioner without a supervisory lawyer in violation of Rule XX section 3 of our own Court rules.[3] This assignment, as it concerns the motions to suppress the evidence and the search warrant, is without merit.[4] The motion to suppress the evidence (illegal arrest) at which the defendant alleges he was unrepresented did not concern the present case. The trial court, though initially believing the hearing to be relevant to the present case, stated that it was actually directed to another case in which a co-defendant of *504 Mixon and Edwards was involved.[5] We likewise find no prejudicial error to have been committed in regard to the "Motion to Suppress the Search Warrant," for the evidence purportedly seized under the warrant was not introduced at trial. Furthermore, it is contended by the state that no evidence prejudicial to the defendant was even obtained as a result of the warrant.
The defendant's allegation regarding the Motion to Suppress the Identification presents a more difficult issue. The hearing on this motion was directly applicable to the present case and testimony concerning the identifications was subsequently introduced at the defendant's trial. Therefore, whatever prejudice should be found to have resulted by such actions are properly complained of by defendant Mixon.
With respect to this matter we initially find that defendant was represented by counsel. The transcript of that hearing and the court's minute entries for that day indicate that defendant Mixon was represented by a student practitioner and a qualified attorney, Barry Viosca. Based upon this determination we find no merit in defendant's claim that his constitutionally protected right to counsel was offended. On the other hand we have found in the record a violation of our Court Rules. This violation is the failure to secure written consent forms from defendant Mixon authorizing the student practitioner to appear in his behalf. Nothing appears in the record to evidence such consent or acknowledgement. Such a violation does indeed give us concern. We realize that the practice authorized by Rule XX has been a great aid to the training of law students and to defendants who would otherwise be unable to secure legal aid. On the other hand compliance with the rule is required if the program is not to be jeopardized. Such a violation of our rules is not a violation of a statutory or constitutional right. It might, however, in a given case amount to reversible error because "prejudicial to the substantial rights of the accused." La.C.Cr.Pro. art. 921.
In the present case we are unable to find, nor does the defendant show, any prejudice due to this violation of our rules. Therefore, though we might decide differently in another case, we find in the present case no reversible error resulting from this violation of our rules.

ASSIGNMENTS OF ERROR NOS. 2 AND 3 (DEFENDANT MIXON)
Defendant Mixon contends in these assignments, just as defendant Edwards did in his assignment of error number seven, that the trial court erred in denying his motion for a directed verdict. As noted earlier the judge did have such authority as the trial of the defendant took place prior to the latest amendment to Article 778 of the Code of Criminal Procedure. However, we can not say that in this case there was no evidence of the crime or an essential element thereof. The defendant was identified by at least two of the witnesses as being one of the suspects. We therefore find no error in the trial court's denying the defendant's motion for a directed verdict.
For these reasons we affirm the conviction and sentence of each defendant.
SUMMERS, J., concurs in result.
NOTES
[1] A third defendant was also charged and convicted in the same manner as the present defendants. This third defendant, Arthur Cross-land, is not discussed herein as he has not appealed the conviction.
[2] It should also be noted that in addition to the lineup identifications four witnesses also made in-court identifications of the defendant. These identifications arguably were based on grounds independent of the pre-trial lineup as two of the witnesses were with the defendants for one and one-half to two hours and the other two witnesses viewed the defendants for approximately one-half hour.
[3] This section provides as follows:

Section 3. Under such law school sponsored clinical instruction plan an eligible law student may appear in any court or before any administrative tribunal in this state on behalf of the state, any political subdivision thereof, or any indigent person if the person on whose behalf he is appearing has indicated in writing his consent to that appearance and the supervising lawyer has also indicated in writing approval of that appearance, in the following matters:
(a) Any civil matter in which a fee is not provided for or could not be reasonably anticipated by contract, statute, or otherwise.
(b) Any criminal matter in which an indigent defendant does not have the right to the assignment of counsel under any constitutional provision, statute, or rule of this court. In such cases the supervising lawyer is not required to be personally present in court if the person on whose behalf an appearance is being made consents to his absence.
(c) Any criminal matter in which the defendant has the right to the assignment of counsel under any constitutional provision, statute, or rule of this court. In such cases the supervising lawyer must be personally present throughout the proceedings and shall be fully responsible for the manner in which they are conducted.
(d) An eligible law student may also appear in any criminal matter on behalf of the state with the written approval of the prosecuting attorney or his authorized representative and of the supervising lawyer. Insofar as practicable, the legal services of law students in criminal practice shall be divided equally between the prosecution and defense.
(e) In each case the written consent and approval referred to above shall be filed in the record of the case and shall be brought to the attention of the judge of the court or the presiding officer of the administrative tribunal.
[4] The motion to suppress the evidence was directed to evidence ostensibly seized by virtue of an illegal arrest. The motion styled as a "Motion to Suppress the Search Warrant" was actually a motion to suppress evidence seized by virtue of an allegedly illegal search warrant, the attack being upon the legal authority of the magistrate.
[5] At page twenty-two of the Transcript of the hearing on the Motion to Suppress the Evidence the trial judge made the following statement:

This Motion to Suppress applies not to case 247-393, but to case 247-429, which are defendants Arthur Crossland, Roger Butler and Andrew Johnson.