442 So.2d 1159 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Nep LEWIS, Defendant-Appellant.
No. CR83-369.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
Writ Denied January 6, 1984.
*1161 J. Michael Small and Kathrine Williamson, Small, Small, Williamson & Brocato, Alexandria, for defendant-appellant.
Joseph P. Beck, II, Dist. Atty., Gregory N. Wampler, and James Buck, Asst. Dist. Attys., Colfax, for plaintiff-appellee.
Before FORET, STOKER and YELVERTON, JJ.
YELVERTON, Judge.
Defendant, Nep Lewis, pleaded guilty to simple burglary (LSA-R.S. 14:62). His guilty plea was entered with the reservation of the right to appeal an earlier adverse ruling on a motion to suppress evidence. This appeal presents for our review the single issue of whether the trial court's denial of the motion to suppress was correct. Appellant contends that the affidavit supporting the search warrant failed to recite facts establishing probable cause for its issuance.
Defendant was arrested, along with two co-defendants, on November 5, 1981. That same day, District Judge Robert P. Jackson in Rapides Parish issued a search warrant for the search of a U-Haul truck parked beside Lake Buhlow near Alexandria. The warrant described some church benches stolen from a church in another parish. As a result of the search pursuant to the warrant, the benches were seized and held as evidence. This is the evidence sought to be suppressed.
A deputy sheriff of Grant Parish swore out the affidavit supporting the warrant. The affidavit said:
"On November 5, 1981, your affiant, L.W. Hataway, had occasion to interview Estelle Granier, after establishing probable cause to arrest Granier, Elvis J. Lane and Nep Lewis for burglary. During the interview, your affiant was told 12 church benches were stored in the above described U-Haul truck. She further stated these benches were taken from a church between Krotz Springs, Louisiana, and Alexandria, Louisiana. An official police report reflects that Nep Lewis, another of the arrestees, related to Robert Sanders, the arresting officer, stated the above listed merchandise was stolen from the Summerfield Baptist Church located in Grant Parish, and is presently in the above described U-Haul truck, which he stated was located in a roadside park next to a lake near Alexandria, Louisiana."
Article 1, Section 5 of the Louisiana Constitution of 1974 requires that warrants to search or seize shall only be issued where there exists probable cause supported by an oath or affirmation. Conformably, La. C.Cr.P. art. 162 provides that a search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
Probable cause exists when the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence may be found at the place to be searched. State v. Johnson, 408 So.2d 1280 (La.1982). In the determination of probable cause, the task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability that evidence of a crime will be found in a particular place. State v. Lingle, 436 So.2d 456 (La.1983). The task of the reviewing court is simply to insure that the magistrate had a substantial basis for concluding that probable cause existed. Id. A magistrate's determination of probable cause should be accorded great deference by a reviewing court. State v. Ogden, 391 So.2d 434 (La. 1980).
*1162 Defendant presents several arguments attacking the sufficiency of the affidavit. One is that the language can be as readily interpreted to describe innocent conduct as criminal conduct. This argument unduly emphasizes Ms. Granier's use of the word "taken" in describing the removal of the benches from the church. Defendant himself is reported by the affidavit to have said the merchandise was "stolen" from the Summerfield Baptist Church and presently stored in the U-Haul. The trial judge thought the affidavit as a whole furnished probable cause to believe that evidence of criminal conduct was to be found in the U-Haul to be searched and we agree.
Defendant also argues that the affidavit contains only conclusory allegations with no supporting facts to indicate by whom the property was stolen or when, or how the deed was accomplished or how the defendant knew about it. This argument has no merit. This case involves a search warrant, not an arrest warrant, and it was not necessary to establish probable cause to arrest defendant for burglary. State v. Lingle, supra. It was only necessary to establish probable cause to believe that evidence of criminal conduct could be found in the premises to be searched.
Finally, defendant argues that the affidavit did not set forth the underlying facts and circumstances from which the magistrate might determine both the credibility of the informants and the information they are alleged to have related, under the two-pronged test jurisprudentially developed from Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). We reject this argument also.
In Illinois v. Gates, ___ U.S. ___, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court abandoned the "excessively technical" two-pronged test of AguilarSpinelli in favor of the "totality of the circumstances" approach. Nevertheless, the Supreme Court indicated that the veracity, reliability and basis of knowledge of the informants continues to be highly relevant in determining probable cause.
In the instant case the informants, including defendant, were named in the affidavit and they were under arrest as participants in the crime. Their statements identified the stolen property, where it came from, and where it could presently be found. These were incriminating statements against their own interests, and imparts indicia of credibility sufficient at least to support a finding of probable cause to search. State v. Mena, 399 So.2d 149 (La.1981); State v. Huff, 392 So.2d 1046 (La.1980).
The facts contained in the affidavit constitute an abundant showing of probable cause to believe that the stolen church benches would be found in the U-Haul.
The ruling of the trial court denying appellant's motion to suppress is affirmed.
AFFIRMED.