ON REHEARING
The defendant[1], Rex Paul Racheau, pleaded guilty to possession of marijuana *545 with intent to distribute, a violation of LSA-R.S. 40:966, but reserved his right to appeal under State v. Crosby, 338 So.2d 584 (La.1976), the trial court’s denial of a motion to suppress evidence seized pursuant to a search warrant. The sole assignment of error is whether the affidavit supporting the search warrant was invalid because it contained information falsified by the affiant thereby necessitating the suppression of all evidence seized pursuant to it. We affirm the trial court’s denial of defendant’s motion to suppress, finding the affiant’s misstatements unintentional and made in good faith.
FACTS
On March 5, 1983, Sergeant Louis Gas-pard of the Iberia Parish Sheriff’s Office received a call at his residence from his superior, Captain Ronald Sonnier, directing him to meet with Paul David, a confidential informant. Gaspard immediately contacted Chief Deputy Robicheaux who provided him with $60 to be delivered to David to purchase narcotics, and $10 for transportation costs.
Later that day, David called Gaspard and informed him that he bought a bag of marijuana for sixty dollars from Rex Ra-cheau, the defendant.
Based upon information received from David, Gaspard obtained a warrant to search defendant’s residence and his van which resulted in the seizure of 203 grams of marijuana as well as a small amount of hashish and marijuana gleanings.
VALIDITY OF THE SEARCH WARRANT
Defendant contends that the trial court erred in denying defendant’s motion to suppress evidence, arguing that the affidavit supporting the search warrant is invalid on its face because Gaspard, the affiant, falsified information contained in it; therefore, all evidence seized incident to the execution of the warrant should be suppressed.
It is well established that if an affidavit supporting a search warrant contains deliberate falsifications, the search warrant is invalid and any fruits of the search must be suppressed. State v. Paster, 373 So.2d 170 (La.1979). The ultimate issue on appeal, therefore, is whether the affiant acted in good faith in preparing the affidavit supporting the search warrant.
In State v. Patterson, 422 So.2d 1131 (La.1982), the Louisiana Supreme Court announced the method of review to apply in instances where affidavits supporting search warrants contain unintentional misstatements:

“Constitutional provisions insure a person from unreasonable search and seizure of his house, papers and effects. No such search or seizure shall be made except upon warrant issued upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized. U.S. Const. Amend. IV; La. Const, art. 1, § 5. Conformably, our Code of Criminal Procedure in art. 162 provides in pertinent part:

A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.

We have held that probable cause exists when the facts and circumstances within the affiant’s knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been committed. The judicial officer must be supplied with enough information to support an independent judgment that probable cause exists for the issuance of a warrant. State v. Mena, 399 So.2d 149 (La.1981). However, if 
*546
unintentional misstatements are made by the affiants seeking to obtain a search warrant, these misstatements must be excised and the remainder used to determine whether or not the affidavit sets forth probable cause for issuance of a warrant. State v. Rey, 351 So.2d 489 (La. 1977). Similarly, when the affiant omits material facts without an intent to deceive, the reviewing court must add the omitted facts to those originally included in the affidavit and retest the sufficiency of the showing of probable cause. State v. Lehnen, 403 So.2d 683 (La.1981).”

In State v. Rodrigue, 437 So.2d 830 (La. 1983), the Louisiana Supreme Court, addressing the issue of whether probable cause existed for the issuance of a warrant in a second-degree murder investigation, stated:

“The process of determining probable cause for the issuance of search and arrest warrants does not involve certainties or proof beyond a reasonable doubt, or even a prima facie showing, but rather involves probabilities of human behavior, as understood by persons trained in law enforcement and as based on the totality of circumstances. See Illinois v. Gates, [462] U.S. [213] 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The process simply requires that enough information be presented to the issuing magistrate to enable him to determine that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal justice system. Jaben v. United States, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965).

Furthermore, this case involves the review of a magistrate’s determination of probable cause prior to issuing the warrant. Such a determination is entitled to significant deference by reviewing courts. Spinelli v. United States, 393 U.S 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). As the Supreme Court stated in Gates, ‘after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. ’ [462] U.S. at [236] 103 S.Ct. at 2331. Additionally, because of ‘the preference to be accorded to warrants’, marginal cases should be resolved in favor of a finding that the issuing magistrate’s judgment was reasonable. United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).” (Footnote omitted).

See State v. Lewis, 442 So.2d 1159 (La.App. 3 Cir.1983), writ denied, 444 So.2d 1214 (La.1984).
In the present case, the affidavit supporting the search warrant contained the following pertinent information:
“The probable cause is based on the following: within the past 24 hours a confidential informant know [sic] to (me) Sgt. Gaspard as C.I. #02-026-83 has been in contact with (me) Sgt. Gas-pard in reference to narcotics being sold in the Parish of Iberia; as well as in the city limits. C.I. 02-026-83 knows marijuana by texture, smell, and taste through his own personal use & knowledge of the drug. C.I. 02-026-83 told to (me) Sgt. Gaspard that he had within the last 24 hrs. seen and purchased marijuana from Racheau. C.I. also told to (me) Sgt. Gaspard he had in fact seen the large paper bag containing many lids of marijuana in the residence & vehicle of Rex Racheau who resides at 540 Park St. New Iberia, La. Residence being describe [sic] by C.I. as a white wooden home with dark brown trim located at the corner of Park and East First Street. C.I. also described a vehicle driven by Rex Racheau as a dark blue Dodge van. I Sgt. Gaspard did in fact confirm that what C.I. # 02-026-83 had told to me personally to be true & correct. On the information of location & color home & vehicle I Sgt. L. Gaspard obtained a motor vehicle registration on a dark blue Dodge van located at residence of Rex Racheau. License number being T255645 a 1977 Dodge van dark blue van registrated [sic] to Rex Racheau of 540 Park St. New Iberia, La. C.I. 02-026-83 has *547 been reliable to me Sgt. Gaspard for a period of 2 weeks and has lead [sic] to several drug arrest in the Parish as well in the city limits of New Iberia. C.I. ⅛ information has always been true and correct that has lead [sic] to many arrest.”
Based on this information the magistrate issued a warrant to search the defendant’s residence and vehicle.
At the hearing on the motion to supress, the affiant, Gaspard, admitted that certain statements contained in the affidavit supporting the search warrant were inaccurate. An inspection of these misstatements is essential in determining whether the affi-ant acted in good faith in preparing the affidavit.
The affidavit stated that the confidential informant knew marijuana by “texture, smell, and taste” because of his own use of the drug. David testified at the hearing on the motion to suppress and stated that he did not tell Gaspard that he knew marijuana by texture, smell, and taste. Gaspard testified that he might have been mistaken when he included this statement in the affidavit but that the confidential informant admitted using marijuana in the past.
The affidavit supporting the search warrant states that the confidential informant saw a large paper bag containing marijuana at defendant’s residence and in defendant’s vehicle at 540 Park Street, New Iberia. Gaspard testified that David did not state that defendant’s address was 540 Park Street but did tell him that the defendant lived in the 500 block of Park Street in New Iberia. Gaspard testified that he entered defendant’s specific address into the affidavit after he personally observed defendant’s residence.
The affidavit states that the confidential informant described defendant’s residence as being “a white wooden house with dark brown trim located at the corner of Park and East First Streets.” Gaspard testified that David merely told him that defendant resided in a white wooden house on the corner of Park and East First Streets. Gaspard inserted the prepositional phrase, “with dark brown trim,” into the affidavit after he personally observed defendant’s residence. Gaspard located defendant’s residence based upon the informant’s description of the residence.
Gaspard testified that the confidential informant stated that defendant drove a dark blue Dodge van which was the description included in the affidavit supporting the search warrant. Actually, Gaspard ascertained that defendant’s vehicle was in fact silver rather than blue before he presented his application for the search warrant to the issuing magistrate. The affidavit accurately reflected the affiant’s conversation with the informant; it merely contained a misstatement of the affiant’s personal observations.
The affidavit states that the affiant confirmed that the information provided by the confidential informant was “true” and “correct.” Testimony revealed that Gas-pard did conduct a, vehicle registration check on the van and he did “pass by” defendant’s residence to corroborate the statements made by the confidential informant.
The affidavit stated that the confidential informant had been reliable to the affiant for a two (2) week period. Gaspard actually knew David for nine (9) days. Gaspard testified that he used the term “two weeks” in the affidavit because he felt that nine (9) days was approximately two (2) weeks.
The affidavit further states that the confidential informant has led to “several drug” arrests in the parish as well as in the city limits of New Iberia. Testimony revealed that the affiant had personal knowledge of the arrest of two (2) individuals as a result of information provided by the confidential informant, and that these arrests occurred outside the New Iberia city limits. Gaspard testified that two (2) arrests could mean the same thing as several arrests and that he used the term “several” in the affidavit because he was not sure of the exact number of arrests. The affiant further testified that he inserted the term *548 “in the city limits of New Iberia” because he thought it was customary to include this term in affidavits supporting search warrants.
The affidavit stated that the confidential informant’s information “has always been true and correct” and has led to “many” arrests. Testimony revealed that David told Gaspard that he provided reliable information in the past but that he did not state that this information led to the arrests of many individuals. Captain Sonnier, the affiant’s supervisor, testified that the confidential informant had provided information which led to the arrest of four (4) individuals, i.e., two (2) occasions on which two (2) suspects were arrested. Gas-pard testified that he knew of only one occasion where David’s information led to the arrests of two (2) individuals. Gaspard testified that he used the word “many” to modify arrests instead of “two” because he believed that the word “many” could be used to denote a quantity of two (2).
Gaspard testified that this was the first time he prepared an affidavit, and that he prepared it without any assistance and certainly without the intent of deceiving the issuing magistrate.
Considering the totality of the circumstances, we find that the affiant acted in good faith when he prepared his affidavit in support of the search warrant. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Massachusetts v. Upton, — U.S. -, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). The majority of the misstatements in the affidavit are minor embellishments by a novice officer. The addition of terms, such as “with brown trim,” “several,” “540 Park Street,” “in the city limits,” “dark blue Dodge” and “many” to the affidavit do not represent a bad faith act on the part of affiant.
After deleting the misstatements in the affidavit, the trial court retested the affidavit and determined that probable cause did exist for issuance of the search warrant. State v. Patterson, supra.
Viewing the affidavit with the misstatements deleted, we conclude that the magistrate would have had a substantial basis for determining that probable cause existed for issuance of the warrant. State v. Lewis, supra.
For the foregoing reasons, defendant’s conviction is affirmed.
AFFIRMED.

. This matter was first examined by us for errors patent on the face of the record because *545 defendant had not filed his assignments of error. We granted a rehearing because we concluded defendant stated an assignment of error in his motion for appeal sufficient to comply with LSA-C.Cr.P. Art. 844.