465 So.2d 206 (1985)
STATE of Louisiana, Appellee,
v.
Samuel STEWART, Appellant.
No. CR83-650.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
Writ Denied May 13, 1985.
*207 Samuel Thomas, Tallulah, for appellant.
John F. Johnson, Asst. Dist. Atty., Harrisonburg, for appellee.
Before GUIDRY, FORET and STOKER, JJ.
FORET, Judge.
Defendant, Samuel Stewart, was charged by bill of information with possession of marijuana with intent to distribute, in violation of LSA-R.S. 40:966 A(1). Defendant filed a motion to suppress, which the trial court denied. A twelve-member jury subsequently found defendant guilty as charged. Defendant was sentenced to serve ten years at hard labor in the custody of the Department of Corrections and to pay a fine of $15,000, plus court costs.
Defendant appeals his conviction, urging two assignments of error:
(1) The trial court erred in that the evidence submitted was insufficient to support the jury's conclusion that the defendant possessed marijuana with the intent to distribute, and;
(2) The trial court erred in overruling defendant's motion to suppress the evidence seized through an unconstitutional arrest and unconstitutional search.

FACTS
On May 11, 1982, Officer Grady Delhoste of the Jonesville Police Department received a tip from a confidential informant that the defendant was in possession of a quantity of marijuana and was selling it out of his car. The informant described the car as a green Mercury automobile with the tail pipe hanging down near to the ground. Officer Delhoste located the defendant *208 at the Jonesville Exxon Service Station and began to question him about information he had received. The officer placed defendant under arrest and conducted a pat-down search which apparently uncovered nothing of significance. Defendant then requested permission from the officer to put a tire he had had repaired in the trunk of his car. Receiving the patrolman's permission, the defendant placed the tire into the trunk. At that point, defendant fled on foot. Defendant successfully eluded the officer and was not seen again until the next day, when he turned himself in.
Officer Delhoste testified that after chasing the defendant for several minutes, he returned to the Exxon station, locked up the defendant's automobile, called for a wrecker, and proceeded to the police department to obtain a search warrant. Upon obtaining a search warrant, Officer Delhoste made a search of the automobile, which had been brought to the police station. The search uncovered, among other things, a lunch box containing a number of bags of marijuana and a Crown Royal bag which contained a plastic bag of marijuana. In all, slightly more than one and one-half pounds of marijuana were found in defendant's car.

ASSIGNMENT OF ERROR NO. 1
As his first assignment of error, defendant contends that there was insufficient evidence for the jury to convict him of possession of marijuana with the intent to distribute. Defendant argues that the State's case was based entirely on circumstantial evidence, i.e., the amount of marijuana and the fashion in which it was packaged. Defendant contends that the evidence failed to exclude every reasonable hypothesis of innocence.
In reviewing the sufficiency of evidence in a criminal conviction, the United States Supreme Court, in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), held that for a conviction to stand, the evidence, when viewed in a light most favorable to the prosecution, must be sufficient to convince a reasonable trier of fact of the guilt of the defendant, beyond a reasonable doubt, of every element of the crime.
In the present case, the defendant admitted on the stand that he was in possession of marijuana. The substance found in his car was identified as marijuana by a chemist from the Northwest Louisiana Crime Lab. The only question then, is whether defendant possessed the marijuana with the intent to distribute. The State's evidence shows that defendant was in possession of over one and one-half pounds of marijuana, which he had in his car. This marijuana was contained in a number of small bags. These bags included: eleven plastic bags, one plastic bag with fourteen small plastic bags in it, and another plastic bag with twelve small manila envelopes, each filled with marijuana.
The intent to distribute may be inferred from the amount and form of the marijuana possessed. State v. Duncan, 420 So.2d 1105 (La.1982). Testimony given at trial indicated that the fashion in which defendant's marijuana was packaged was consistent with the form in which marijuana was distributed on the street. Defendant's claim that he possessed such a large amount of marijuana solely for his personal use is, at best, difficult to believe. Given the large amount of marijuana that defendant possessed and the form in which it was packaged, we conclude that a rational trier of fact could have concluded beyond a reasonable doubt that the State had proved that this defendant had possessed marijuana with the intent to distribute.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant contends that the trial court erred when it denied his motion to suppress evidence. This evidence included the approximately one and one-half pounds of marijuana seized from defendant's car. Defendant's contention is that the evidence was obtained as a result of an unconstitutional arrest and search. Preliminarily, we note that the record reflects that neither the motion to suppress nor the arguments *209 presented at the hearing of that motion contained allegations of wrongful arrest. Accordingly, any question as to the illegality of defendant's arrest is not properly before this Court. Nevertheless, out of an abundance of caution, we have considered defendant's arrest and concluded that it was legal.
A police officer may arrest someone for an offense not committed in his presence provided that he has reasonable cause to believe that that person committed the offense. LSA-C.Cr.P. Art. 213. Reasonable cause is consonant with probable cause and exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify the belief of a man of ordinary caution that the person to be arrested has committed the crime. State v. Edwards, 351 So.2d 500 (La.1977); State v. Wood, 262 La. 259, 263 So.2d 28 (1972). The existence of probable cause to arrest is judged based on the probabilities and practical considerations of everyday life on which the average man, and in particular, the average police officer, can be expected to act. State v. Edwards, supra; State v. Sarrazin, 291 So.2d 393 (La.1974). In the present case, the arresting officer had information from a reliable informant (with whom he had been associated in past narcotics investigations) that defendant was selling marijuana out of his car and had tried to sell some to the informant. Additionally, the informant had specifically described the car which defendant was driving. Officer Delhoste then made a search of the area and found defendant standing next to a car which met the informant's description. Under the circumstances, there was probable cause to arrest. In State v. Edwards, supra, the Supreme Court found probable cause to arrest given a set of quite similar circumstances. In that case, the defendant, Edwards, was arrested for burglary on the basis of information given by a reliable informant. This informant had provided reliable information concerning six other burglaries. The court noted that the informer was specific as to the automobile of the suspects, their description, makeup, and addresses. In the case before us, the informant specifically identified the defendant and the car he was driving.
The other basis for suppressing the seized marijuana which defendant has put forth is the illegality of the search warrant. Defendant contends that the affidavit, pursuant to which the search warrant was issued, was insufficient in light of State v. Paciera, 290 So.2d 681 (La.1974). In State v. Paciera, supra, the Louisiana Supreme Court, in line with the United States Supreme Court's decisions in Aguilar and Spinelli[1], adopted a two-prong test for determining the credibility of informants and the reliability of the information they give. However, in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court abandoned the rigid "two-prong test" of Aguilar-Spinelli and adopted a "totality of the circumstances" approach. Subsequent to this decision, this Court has adopted this "totality of the circumstances" approach in determining the existence of probable cause to issue a search warrant. See State v. Lewis, 442 So.2d 1159 (La.App. 3 Cir. 1983), writ denied, 444 So.2d 1214 (La. 1984). Nevertheless, as we point out in State v. Lewis, supra, the credibility of an informant and the reliability of his information continues to be highly relevant in determining probable cause.
In the present case, the affidavit stated that the affiant had been told by a reliable informant that the defendant had tried to sell him marijuana. The affidavit stated that the informant had described the car, and that, after a search of the area, the affiant (Officer Delhoste) had located it and that defendant was standing beside it. The affidavit then recounted the encounter between the officer and defendant, including defendant's flight. The affidavit went on *210 to state that the confidential informant was a respected citizen of the community who had no reason to mislead the affiant regarding Stewart's criminal activities.
The affidavit was not based entirely upon hearsay since it recounted the encounter between Officer Delhoste and the defendant at the service station. The fact that the officer located the defendant in the area and that the defendant was driving a car fitting the description given by the informant tended to corroborate the informant's information concerning defendant's possession and attempt to distribute marijuana. Likewise, defendant's flight tended to provide further corroboration. Such independent corroboration is an important consideration in determining the existence of probable cause. See Illinois v. Gates, supra. Applying the "totality of the circumstances" approach of Illinois v. Gates, supra, we conclude that the entire affidavit contained sufficient facts to establish that probable cause existed for the issuance of a search warrant.
In his brief, defendant contends that the arresting officer acted improperly in not giving a receipt for the property seized, in violation of Louisiana Code of Criminal Procedure Article 166. The lack of such a receipt does not provide a basis for the suppression of evidence seized. LSA-C.Cr.P. Art. 166 provides no time limit within which the peace officer must provide a receipt, and it does not provide any constitutional protections. State v. Wise, 434 So.2d 1308 (La.App. 3 Cir.1983), writ denied, 437 So.2d 869 (La.1983); State v. Square, 257 La. 743, 244 So.2d 200 (1971), modified on other grounds, 408 U.S. 938, 92 S.Ct. 2871, 33 L.Ed.2d 760 (1972), 263 La. 291, 268 So.2d 229 (1972).

DECREE
For the foregoing reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.
NOTES
[1] Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).